Coy HENSON, Appellant,

v.

B & W FINANCE COMPANY, Inc., Appellee.

No. 192.

Court of Civil Appeals of Texas.

Tyler.

March 17, 1966.

Michael A. Wash, Austin, for appellant.

Gene W. Caldwell, Saunders & Caldwell, Tyler, for appellee.

MOORE, Justice.

This is a suit for breach of a written lease contract instituted by the landlord, Coy Henson, the plaintiff below, against the tenant, B & W Finance Company, Inc., defendant, alleging that plaintiff had leased certain office space to the tenant for a term of five years at a rental of $7,500.00, payable $125.00 per month beginning on July 15, 1962; that defendant occupied the premises until on or about the 3rd day of November, 1963, at which time it vacated the premises, and had failed and refused to pay any of the rental installments due on and after December 1, 1963; that as a direct consequence of the tenant's breach of the said lease contract, plaintiff has suffered damages in the amount of $3,937.50.

The lease in question provided as follows:

"Lessee covenants with Lessor as follows:

"That he will pay Lessor the sum of $7500.00 as rent for said term, said rent being payable in 60 equal monthly install-

ments each in the amount of $125.00, the first of such monthly installments to be paid on the execution of this lease, and the remaining monthly installments to be paid in advance for each month thereafter until the termination of this lease, and Lessee covenants that he will pay said rent at the times and in the manner aforesaid;"

The lease further provides:

"In case of a breach of any of the covenants on Lessee's part herein contained, * * * Lessor shall have the right to enter upon the premises, and thereby terminate this demise, * * * In case of a termination of this lease by a re-entry as hereinbefore provided, Lessee shall indemnify Lessor for loss or damage which he may suffer during the residue of the said term by reason of such termination, whether through loss or decrease of rent or otherwise, by only to the extent that Lessor shall be unable to save himself harmless, by the use of reasonable and ordinary efforts to relet or otherwise, from such loss or damage."

It is undisputed that the landlord gave the tenant proper notice and thereafter re-entered the premises and leased same to a new tenant. The new lease was for a period of one year and two weeks, commencing on April 15, 1964, until May 1, 1965, in an agreed rental of $125.00 per month.

The landlord filed this suit on April 20, 1964, which was five days after the execution of the new lease. In his original petition he inferentially affirmed the contract and sought damages for both accrued and unaccrued rent. On December 18, 1964, the date of trial, the landlord filed his second amended petition alleging that after giving the required notice, he re-entered the premises, terminated the lease and sued for damages for breach of contract alleging that he had suffered damages in the amount of $3,937.50, which was the difference between the full amount due and owing under the lease contract and the sum of $1,562.50 he expected to realize from the new lease of

the premises for a period of one year and two weeks. The tenant, B & W Finance Company, Inc., answered by general denial and specially pled that the lease had terminated because of the "legislative" clause as provided for in Paragraph 14 thereof.

Trial was before the court without a jury and after the hearing, judgment was rendered in favor of the plaintiff for the amount of the accrued rent as of the date of trial in the amount of $562.50 for the four and one-half months between the time the defendant vacated and the new tenant took possession. The trial court denied a recovery for damages.

At the request of the landlord, the trial court filed findings of fact and conclusions of law in which the court found that the defendant failed to pay the monthly installment due on December 1, 1963, and that the premises thereafter remained vacant for four and one-half months; that the premises were relet for the same monthly rental of $125.00 a month for a period of one year and two weeks; that the plaintiff used due diligence in obtaining the best possible lease of the premises; that at the time of the breach of the lease contract by the defendant, the amount of the contract price for the unexpired portion of the lease was $5,-458.33, but that the plaintiff was entitled to recover from the defendant only for the difference between the contract price from the date of the breach and the amount received by the plaintiff from re-renting to the date of trial in the amount of $562.50.

Plaintiff did not except to these findings, but did request additional findings of fact which were denied by the trial court. The action of the trial court in refusing to make additional findings of fact is made the basis of the plaintiff's first seven Points of Error.

In view of the ruling which we shall ultimately make, it is deemed unnecessary to discuss the several assignments since on the pleadings and undisputed facts, no judgment against the defendant for any greater amount than that awarded the plaintiff by

the trial court could have been properly rendered.

▮ In appellant's eighth and final Point, he contends that the trial court erred in refusing to permit him to recover damages for the anticipated deficiency of loss of rent which the evidence shows he will suffer throughout the remainder of the term. As pointed out before, plaintiff was permitted to recover only for the rent which had accrued prior to the termination of the contract.

It is plaintiff's contention that he should be permitted to recover for an anticipatory breach of the contract and that the proper measure of damages would be the difference between the contract rental in the amount of $7,500.00 and the cash market value of the lease from the date of the breach to its expiration. He therefore contends that since his own undisputed testimony shows that the cash market value of the lease amounted to only the sum of $1,562.00, (the amount he expected to receive from the new tenant) the trial court erred in refusing to enter a judgment for $3,937.50, or the difference between $7,500.00 and $1,562.50.

Plaintiff admits both in his testimony and in his pleadings that he terminated the contract at the time he re-entered and relet the premises to another tenant. Having thus put an end to the contract, he cannot recover future rentals unless the lease contained a further provision expressly stipulating that re-entry by the lessor would not affect the obligations of the lessee for the unexpired term of the lease. Rohrt v. Kelley Manufacturing Company, 162 Tex. 534, 349 S.W.2d 95; Walling v. Christie & Hobby, Inc., (Tex.Civ.App.) 54 S.W.2d 186.

▮ Plaintiff contends, however, that the lease contract in this case expressly so provides. The provision of the contract relied on to support this contention is the above quoted provision wherein the lessee agrees to indemnify lessor for any deficiency in rent. We do not believe this provision of the lease can be construed as ex-

pressly giving plaintiff the right to cancel the lease, repossess the premises and still hold the lease valid and binding upon the tenant for all of its unexpired term and future obligations. The agreement was to indemnify and save harmless, not to pay future rentals. When the contract terminated, what survived was liability, not for rent, but for damages for breach of the contract of indemnity. Hermitage Co. v. Levine, 248 N.Y. 333, 162 N.E. 97, 59 A.L.R. 1015.

▮ As we construe the plaintiff's pleadings, he seeks a recovery for the unaccrued rent, not for breach of the contract of indemnity. He does not allege a repudiation of the indemnity contract, nor offer any proof showing that the tenant had repudiated the indemnity agreement as distinguished from the rental agreement. We, therefore, do not consider this to be a suit for damages for the breach of the indemnity contract.

But, if the pleadings can in some manner be construed as a suit for damages for the anticipatory breach of the indemnity provision and as such can be deemed to be supported by some evidence, we would nevertheless hold that the trial court correctly denied a recovery for damages.

A similar situation was before the court in Providence Bldg. Co. v. Atlantic Nat. Bank, D.C., 228 F. 814. The plaintiff there sought to recover for the anticipatory breach of an indemnity contract. In denying a recovery, the court said:

"* * * The contract is to indemnify for loss of rent during the residue of the term. Whether there will be such loss is merely a contingency. The lessor may occupy the premises himself, or may relet at an advanced rent that will more than indemnify him for any period during which the premises were unoccupied. * * *

"* * *

"Whether there will be any loss, and, if a loss, its amount, are in the nature of the thing too conjectural to permit a pres-

ent liquidation of the liability. There is simply a contingency that there may be a claim.

"The doctrine of anticipatory breach of contract has, of course, no application to this covenant for indemnity; nor is there here any question of anticipatory breach of the lease, nor of damages for a breach of contract for the entire term of the lease; for the lease was terminated and the future term cut off by the lessor. * * *"

By cross assignment of error, the defendant contends that the lease expired by its own terms and conditions prior to the time the company ceased to pay the rent because of Section 14 thereof, which reads as follows:

"14. If, at any time, the Texas Legislature passes any legislation that would affect the loan companies so that Lessee's business would not be operable at reasonable profit, then in that event, Lessor gives Lessee the right to terminate this contract, provided, however that Lessee pays to Lessor a penalty of ($200.00) TWO HUNDRED and NO/100 DOLLARS."

In 1963 the Texas Legislature passed Article 6165b, Vernon's Ann.Tex.Civ.St., known as the "Texas Regulatory Loan Act," which became effective in August of 1963.

Upon the question of whether or not this particular loan office could have been operated at a reasonable profit, T. A. Fleming, the president of the company, testified that had the company continued to operate the loan office at this location, it would have been altogether unprofitable. Defendant also called Mrs. Edith Fletcher, who was also in the small loan business. In substance, she testified that in her opinion the profit of all small loan companies would be substantially reduced as a result of the Act.

Since the testimony of these witnesses was not disputed, defendant contends the court was bound thereby and hence erred in ruling that the lease did not terminate under the provisions of Section 14. We are not in accord with this contention.

In our view the testimony of the witnesses constitutes nothing more than an expression of opinion as to the effect of the Act upon the loan business.

It is settled law that where a fact is sought to be established by opinion evidence not amounting to the certainty of positive proof although not disputed by other evidence, the trial judge as trier of the fact is free to give such weight to the same as in his judgment it may be entitled to. Gulf, C. & S. F. Ry. Co. v. Davis, (Tex. Civ.App.) 225 S.W. 773; Octane Oil Refining Co. v. Blankenship-Antilley Implement Co., (Tex.Civ.App.) 117 S.W.2d 885.

The judgment of the trial court is affirmed.