Argued and submitted April 7, affirmed June 14, reconsideration denied August 25, petition for review denied October 26, 1989 (308 Or 466)

# SUNSET FUEL & ENGINEERING CO.,
*Respondent,*

*v.*

# COMPTON et al,
*Appellants.*

(85-0335C; CA A49865)

775 P2d 901

James K. Gardner, Hillsboro, argued the cause and filed the brief for appellants.

Kenneth Lee Baker, Milwaukie, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

In this action for breach of a commercial lease, defendant lessees appeal from a judgment awarding damages to plaintiff lessor. Defendants make multiple assignments of error. We affirm.

Defendants agreed to lease plaintiff's premises for $3,150 per month for 35 months, commencing November 1, 1983, and ending September 30, 1986. Beginning December 1, 1984, defendants failed to make the required monthly payments. On March 1, 1985, plaintiff obtained an FED judgment and regained possession of the property. On March 22, 1985, plaintiff filed this action and was awarded damages for rent from December 1, 1984, through the end of the lease term, as well as other damages not in issue here.

We consider first the second assignment of error, in which defendants claim that the trial court erred in instructing the jury that

> "the eviction proceedings in March of 1985 had the legal effect of restoring—only restoring possession of the premises to the plaintiff and did not limit their right to later commence a suit to recover damages for lost and past rent, telephone expense, sub-leasing damage to the premises and cleaning and rubbish removal."

Defendants argue that ORS 91.090[1] and the FED action terminated the lease and that defendants are released from liability for damages accruing after the date of termination. In support of their argument, they cite *Northern Brewery Co. v. Princess Hotel,* 78 Or 453, 463, 153 P 37 (1915), and *Yuen Suey v. Fleshman,* 65 Or 606, 614, 133 P 803 (1913). *See also Moumal v. Parkhurst,* 89 Or 248, 254-55, 173 P 669 (1918). Plaintiff responds by arguing that the exercise of its rights pursuant to ORS 91.090 terminated defendants' estate in the real property, but did not affect plaintiff's right to recover

---

[1] ORS 91.090 provides:

"The failure of a tenant to pay the rent reserved by the terms of the lease for the period of 10 days, unless a different period is stipulated in the lease, after it becomes due and payable, operates to terminate the tenancy. No notice to quit or pay the rent is required to render the holding of such tenant thereafter wrongful; however, if the landlord, after such default in payment of rent, accepts payment thereof, the lease is reinstated for the full period fixed by its terms, subject to termination by subsequent defaults in payment of rent."

damages for defendants' anticipatory breach of the promise to rent the premises in the future.

The law of landlord and tenant continues to change to meet the needs of modern society. To illustrate that fact, we quote from *Schneiker v. Gordon,* 732 P2d 603 (Colo 1987):

"The law governing the relationship between landlord and tenant has ancient roots in the common law of England. *See generally* 1 *American Law of Property* § 3.1 (Casner ed. 1952); 2 R. Powell, *The Law of Real Property* ¶221[1] (1986); Hicks, *The Contractual Nature of Real Property Leases,* 24 Baylor L. Rev. 443, 446-53 (1972). The tenant was initially regarded as having rights that were solely contractual in nature. The tenant did not have a sufficient relationship to the land to permit him to avail himself of the common law forms of action that could be utilized by freeholders to protect their interests against third parties. 1 *American Law of Property, supra,* § 3.1, at 175-76; Hicks, *supra,* at 449. As a consequence, in its very early history a lease had 'primarily a contractual significance, rather than a property significance.' 2 R. Powell, *supra,* ¶221[1], at 178-79. With the passage of time, however, the tenant gradually was given the right to bring certain real causes of action, such as ejectment, and the tenant came to be regarded as possessing an interest in land. 3 G. Thompson & J. Grimes, *Thompson on Real Property* § 1028, at 84 (1980 repl. vol.); 1 *American Law of Property, supra,* §§ 3.1, 3.11; Hicks, *supra,* at 449-50. By the beginning of the sixteenth century the law had undergone such change that 'the lease was asserted to be essentially a conveyance, rather than a contract.' 2 R. Powell, *supra,* ¶221[1], at 179. *See* Hicks, *supra,* at 449-51.

"In modern times, however, covenants in leases have become more numerous and complex, reflecting the growing importance of structures on the land and the burgeoning complexities of an increasingly urban society. 2 R. Powell, *supra,* ¶221[1], at 180-81; Hicks, *supra,* at 451-52. Therefore, while the modern lease remains a conveyance of an interest in land, it typically possesses many of the characteristics of a contract. 1 *American Law of Property, supra,* § 3.11, at 202-03." 732 P2d at 606.

**1.** The Oregon Supreme Court has recognized the dual nature of a lease as both a contract and a conveyance of an estate in land, at least in the context of a tenant abandoning the premises and the obligation of the landlord to mitigate damages. *See U.S. Nat'l Bank v. Homeland,* 291 Or 374, 631

P2d 761 (1981); *Kulm v. Coast-to-Coast Stores,* 248 Or 436, 432 P2d 1006 (1967); *Wright v. Baumann,* 239 Or 410, 398 P2d 119 (1965). We see no reason why a landlord who has exercised rights pursuant to ORS 91.090 should not be able to recover consequential damages from the tenant when the same landlord would have been entitled to recover the damages if the tenant had abandoned the premises. We hold that the tenant, by failing to pay rent timely, forfeits his estate in the real property, but remains liable for damages for breach of the agreement to rent the premises in the future.[2] Although ORS 91.090 terminates the leasehold estate in the real property, it does not impair the tenant's contractual obligation or liability for anticipatory breach of the covenant to rent the premises in the future.[3]

**2.** The cases cited by defendants are inapposite. In *Yuen Suey v. Fleshman, supra,* the lessee had deposited money with the lessor as security. The lessor argued that the deposit was subject to forfeiture as liquidated damages under a clause in the lease that provided that, if the lease was terminated for nonpayment of rent, the deposit would be forfeited to the lessor. The court rejected the lessor's argument that the deposit represented liquidated damages and held that, on the lessor's termination of the tenancy, the lessee was exonerated from all liability for rent not yet accrued. *See also Moumal v. Parkhurst, supra; Northern Brewery Co. v. Princess Hotel, supra.* Those cases were decided at a time when the focus of the courts was on the tenant's estate in the real property and

---

[2] We note that the majority rule appears to be that, unless the lessor and lessee have agreed otherwise, the lessee is released from liability for any claim for damages based on the lease but accruing after its termination. *See, e.g., Price v. S. S. Fuller, Inc.,* 639 P2d 1003, 1005 (Alaska 1982); *Frey v. Abdo,* 441 So 2d 1383, 1386 (Miss 1983); *Knight v. OMI Corp.,* 568 P2d 552, 553-55 (Mont 1977); *Sacher v. Taco Grande of Iowa, Inc.,* 210 Neb 122, 313 NW2d 257, 258 (1981); *Henson v. B & W Finance Company,* 401 SW2d 261, 264 (Tex Civ App 1966); *see also Restatement (Second) Property* § 12.1, *comment g* and *Reporter's Note* at 423-24 (1977); 49 Am Jur 2d "Landlord and Tenant," § 1013; 89 CJS "Landlord and Tenant," § 490; *cf. Desert Plaza Partnership v. Waddell,* 180 Cal App 3d 805, 225 Cal Rptr 775 (1986) (common law rule that lessee's lease obligations depended on continued existence of term abrogated by statute).

[3] The first sentence of ORS 91.090 states that the "tenancy" is terminated by the failure of the tenant to pay rent timely. It does not say that the "lease" is terminated. In its final sentence, the statute provides that the "lease" is reinstated if the landlord accepts payment of rent after default. By employing that language, ORS 91.090 does not purport to cancel any contractual obligations but pertains only to the real property interest.

before *U.S. Nat'l Bank v. Homeland, supra.* They do not consider the contractual liability that may arise from a tenant's anticipatory breach of the promise to rent the premises in the future and the consequential damages that flow from a breach.[4]

**3, 4.** In their fourth assignment of error, defendants argue that the trial court erred in overruling their objections to plaintiff's request for attorney fees, because that request included fees incurred in defending a counterclaim and third party claim brought by defendants alleging that false representations by plaintiff and a third party defendant had induced defendants into entering the lease. Pursuant to the terms of the lease, the prevailing party was entitled to an award of attorney fees. Attorney fees need not be apportioned when they are incurred for representation on an issue common to a claim in which fees are proper and one in which they are not. *See Estate of Wesley E. Smith v. Ware,* 307 Or 478, 769 P2d 773 (1989). We find no abuse of discretion.

Affirmed.

---

[4] In their first assignment of error, defendants argue that the trial court erred in refusing to give a requested instruction that would have told the jury that they could not award damages for "rent, taxes, telephone expense, or damage to the premises" that occurred after the date of termination of the lease. In their third assignment of error, defendants contend that the trial court erred in denying their motion in which defendants argued that "the termination of the tenancy of [*sic*] the lease terminated any liability for damages or rent for [*sic*] anything else that occurred after the lease was terminated." The trial court properly refused to give the requested instruction and properly denied the motion, because they commingled the subjects of post-termination consequential damages arising from lost rents with other types of damages.

Although the parties in their pleadings characterized the consequential damages that flow from defendants' breach as "rent," it is apparent from the record that they and the trial court understood the issue as whether consequential damages could be recovered for the term of the lease remaining after the lease was terminated.