Argued and submitted April 4, affirmed July 25, 1990

Jack GREB
and Ray Greb,
*Respondents,*

*v.*

Allan D. MURRAY
and Vern Laugsand,
dba Woodland Investment Company,
*Appellants.*

(87-CV-21; CA A60319)

795 P2d 1087

Clayton C. Patrick, Salem, and Michael J. Bird, Grants Pass, filed the briefs for appellants.

Bryan E. Blodgett, Medford, argued the cause for respondents. With him on the brief was Grantland, Grensky & Blodgett, Medford.

Before Graber, Presiding Judge pro tempore, and Joseph, Chief Judge, and Edmonds, Judge.

GRABER, P. J. pro tempore

**GRABER, P. J.** pro tempore

Defendants appeal from an award to plaintiffs of $10,262 in attorney fees. We affirm.

On April 10, 1986, the parties entered into a contract by which defendants agreed to pay plaintiffs for cutting, yarding, and delivering logs. The contract provided:

> "*Attorney's Fees.* In the event that suit, action or other legal proceeding shall be instituted to declare or enforce any right created by this instrument, the prevailing party in such suit, action or other legal proceeding shall be entitled to recover, in addition to the costs and disbursements incurred, such additional sum as the Court may adjudge reasonable as attorney's fees."

On June 1, the parties orally modified the formula used to calculate payment for plaintiffs' services. On August 12, 1986, defendants refused to allow plaintiffs to continue to work on the job and replaced them with other loggers.

This action followed. Plaintiffs alleged that defendants had failed to pay for services rendered. The second amended complaint included one claim for breach of contract and one for restitution. Plaintiffs sought the same amount of damages under each theory, but they requested attorney fees only on the breach of contract claim. Defendants counterclaimed for breach of the contract.

Trial was to the court, which found in favor of plaintiffs on both of their theories. It awarded $3,916.72 on the contract claim and $4,500 on the restitution claim. On the counterclaims, the court also found in plaintiffs' favor.

Plaintiffs then filed a request for attorney fees; defendants objected. Pursuant to ORCP 68C(4)(c), the court held a hearing. The court awarded plaintiffs all of the fees that they sought, except for some items that the parties agreed were unrelated to this action. Defendants assign error to the court's "awarding the entire amount of attorney fees claimed, when only part of the judgment awarded was based on the contract which provided for attorney fees."

The trial court said that it was impossible to apportion the fees between the contract and restitution claims. It is not completely clear whether the court meant that the

Supreme Court's holding in *American Petrofina v. D & L Oil Supply,* 283 Or 183, 583 P2d 521 (1978), precluded it from apportioning fees, as a matter of law, or that, as a matter of fact, the court found it impossible to do so. To the extent that the trial court relied on *American Petrofina,* it erred, because that case does not apply. The court in *American Petrofina* simply held that the party to whom the trial court had awarded fees was not the "prevailing party" within the meaning of ORS 20.096; therefore, the award was improper. 283 Or at 200. Here, it is undisputed that plaintiffs are the prevailing parties.

■ Defendants argue, and we agree, that there is no basis to award attorney fees on the restitution claim. Indeed, plaintiffs did not plead entitlement to fees on that claim. *See* ORCP 68C(2). When a party prevails in an action that encompasses both a claim for which attorney fees are authorized *and* a claim for which they are not, the court must apportion the fees incurred for each claim. It may award only the fees reasonably incurred for the claim for which attorney fees are authorized, except when there are issues common to both claims. *Estate of Wesley E. Smith v. Ware,* 307 Or 478, 769 P2d 773 (1989); *Sunset Fuel & Engineering Co. v. Compton,* 97 Or App 244, 249, 775 P2d 901, *rev den* 308 Or 466 (1989); *see also Malot v. Hadley,* 102 Or App 336, 794 P2d 833 (1990).

■ Even if the trial court erred in selecting the precedent to consider, however, the error was harmless. At the hearing on defendants' objection to plaintiffs' request for attorney fees, the court heard testimony from two expert witnesses. The experts differed as to whether the time expended by plaintiffs' attorney could be segregated between the contract and restitution claims. After considering the evidence, the court issued a letter opinion in which it noted that "the Court feels that the parties contracted for attorney's fees, that the basic lawsuit was over the contract and matters that developed out of it" and that the "extensive counterclaims" also arose from the contract. The court then awarded the requested fees. In *Sunset Fuel & Engineering Co. v. Compton, supra,* we held:

> "Attorney fees need not be apportioned when they are incurred for representation on an issue common to a claim in which fees are proper and one in which they are not." 97 Or App at 249.

The trial court's opinion applied essentially the same rule; it found that the issues in the two claims were common and that the time spent in litigating them could not be segregated. The record supports those findings.

■        Defendants make one other argument. They assert that plaintiffs' evidence in support of their fee request was fatally defective as a matter of law, because it "failed to show with sufficient detail" which services related to each theory. For that reason, defendants contend, plaintiffs failed to satisfy the requirement of ORCP 68C(4)(a)(i) for a "detailed" statement of fees and can recover no fees at all. We reject the contention that plaintiffs' statement was deficient as a matter of law. The trial court properly entertained the request for fees.

Affirmed.