Argued and submitted October 4, 1993, reversed and remanded for reconsideration of attorney fees April 20, 1994

HIGH TECH DIESEL, INC.,
an Oregon corporation,
*Respondent,*

*v.*

Brian LITTLETON
and Dorothy Littleton,
*Appellants.*

(9200512CV; CA A79437)

872 P2d 984

Jan Perkins filed the brief for appellants.

Barbara M. DiIaconi argued the cause for respondent. With her on the brief was Boivin, Jones, Uerlings & DiIaconi.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendants appeal a supplemental judgment awarding attorney fees to plaintiff. They argue that the court erred in awarding plaintiff fees incurred in its defense of their counterclaim. We reverse.

Plaintiff performed repair work on a truck owned by defendants. When defendants did not pay for the service, plaintiff filed a notice of claim of a non-possessory lien on the truck. Plaintiff then filed a complaint to foreclose the lien and obtained an order to recover possession of the truck from defendants. The sheriff seized the truck pursuant to that order.

The parties entered into a stipulation under which defendants conceded the debt and plaintiff agreed to return the truck to them and to withdraw its claim of lien. Plaintiff then filed an amended complaint, seeking a judgment for the amount of the debt plus attorney fees incurred in collecting the debt. Defendants answered and filed a counterclaim, alleging that the seizure of the truck was wrongful because the claim of lien was invalid. They sought damages for lost profits caused by their lack of access to the truck, which was used for defendants' business, as well as attorney fees incurred in defending the lien foreclosure action.

The trial court found for plaintiff on the counterclaim, concluding that the lien was valid. It then awarded plaintiff attorney fees for prosecution of the action to collect the debt and for its defense of the counterclaim. On appeal, defendants argue that the trial court erred in awarding attorney fees incurred in the defense of the counterclaim. They do not challenge the award of attorney fees incurred in the action to collect the debt.

■  Generally, attorney fees are not recoverable absent a statute or contract provision authorizing the award. *Malot v. Hadley*, 102 Or App 336, 794 P2d 833 (1990). Plaintiff asserts that it is entitled to fees under the service contract, which provides that plaintiff "reserve[s] the right to collect reasonable attorney's fees if suit is brought to collect [the debt]." Defendants argue that the contract provision does not support an award of fees for defense of the counterclaim, and that

there is no independent basis for fees relating to that counterclaim.

█ Plaintiff appears to acknowledge that there is no independent basis for fees for defendants' conversion counterclaim, and that the attorney fee provision in the contract does not, by itself, support an award of fees for defending the counterclaim. Instead, it argues that all of the fees are recoverable, because there are issues common to the counterclaim and the action on the debt. It is true that,

> "[w]hen a party prevails in an action that encompasses both a claim for which attorney fees are authorized *and* a claim for which they are not, the court must apportion the fees incurred for each claim. It may award only the fees reasonably incurred for the claim for which attorney fees are authorized, except when there are issues common to both claims." *Greb v. Murray*, 102 Or App 573, 576, 795 P2d 1087 (1990). (Emphasis in original; citations omitted.) *See also Estate of Wesley E. Smith v. Ware*, 307 Or 478, 769 P2d 773 (1989); *Sunset Fuel & Engineering Co. v. Compton*, 97 Or App 244, 775 P2d 901, *rev den* 308 Or 466 (1989).

Nonetheless, plaintiff's argument fails. It does not explain what the issues are that were common to the action on the debt and the counterclaim for conversion. By the time the fees were incurred in defense of the counterclaim, defendants had conceded their liability on the debt. The only issue in the conversion action was whether the lien under which the truck was seized was valid. That issue related to plaintiff's right to possess the truck and was not relevant to the action on the debt. The debt could be collected even if the lien was invalid.[1] Indeed, in defendants' answer to plaintiff's amended complaint, they admitted that they owed the debt to plaintiff, and that they would pay it within 100 days after judgment. Further, in the prayer, defendants asked that the court award "plaintiff judgment for $2300 as the sum due and owing for plaintiff's services in the repair of the GMC truck," as well as award defendants damages on their counterclaim. The claims are independent, with no common issues. Therefore, attorney

---

[1] Although the damages defendants sought on their counterclaim exceeded the amount of the debt, that fact does not mean that plaintiff had to defend the counterclaim to obtain a judgment on the debt. Had defendants prevailed on their counterclaim, there would have been independent judgments against each party, separately enforceable.

fees were not recoverable for the defense of the counterclaim, and the trial court should have apportioned fees between the plaintiff's claim and defendants' counterclaim.

Plaintiff also defends the award by arguing that it is entitled to attorney fees as the prevailing party under ORS 20.096(1), which provides:

> "In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

It is not clear what plaintiff seeks to gain by invoking that statute. ORS 20.096(1) is a reciprocity statute and gives either party the right to recover fees when it prevails in an action on a contract that includes an attorney fee provision, even if the contract provides for recovery of attorney fees by only one party. Although the contract fee provision in this case is one-sided, it specifically provides for fees to plaintiff, who prevailed. Accordingly, plaintiff need not invoke the statute to recover the fees to which it is entitled under the contract.

Plaintiff is entitled to fees incurred in collecting the debt; the trial court erred in awarding fees incurred in defending the conversion counterclaim.

Reversed and remanded for reconsideration of attorney fees.