Submitted on remand from the Oregon Supreme Court September 15, affirmed as modified November 24, 1999, petition for review denied April 11, 2000 (330 Or 252)

## J. William BENNETT,
### *Appellant,*

### *v.*

## Gerald Roland BAUGH
## and Virginia Mae Baugh,
### *Respondents.*

### (9412-08281; CA A91803)

990 P2d 917

Jonathan M. Radmacher, Leo B. Frank and McEwen, Gisvold, Rankin, Carter & Streinz for appellant.

Charles A. Ringo and Doris J. Brook for respondents.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

**LINDER, J.**

The Supreme Court, having determined that defendants are entitled to an award of attorney fees, has remanded this case to our court. *Bennett v. Baugh*, 329 Or 282, 985 P2d 282 (1999). On remand, the issue before us is whether the trial court erred in failing to apportion the attorney fees and to award fees only for work performed on the claim for which defendants have a right to recover fees. For the reasons that follow, we affirm the supplemental judgment for attorney fees as modified.

Defendants retained plaintiff, an attorney, to represent their corporation in several construction contract disputes. In the course of that representation, at plaintiff's request, defendants signed a promissory note making them personally liable for the debt incurred in litigation on behalf of the corporation. The note contained the following attorney fee provision:

> "In event of suit or action to enforce payment of this note, promisor shall be liable for attorney fees and costs incurred in commencement and prosecution of such action or suit."

During the trial on the construction disputes, defendants signed a second promissory note with a similar attorney fee provision. Plaintiff eventually demanded payment on the notes, but defendants refused to pay.

Plaintiff then brought this breach of contract action on the notes. In their answer, defendants alleged numerous affirmative defenses to resist payment, including, *inter alia*: (1) undue influence; (2) rescission; (3) recoupment and setoff for financial losses defendants suffered due to plaintiff's negligent representation and breach of fiduciary duty; and (4) laches, estoppel, waiver, and unconscionability. Defendants also counterclaimed for unfair debt collection practices, negligence, and breach of fiduciary duty. Before trial, the trial court entered summary judgment on defendants' unfair debt collection practices claim, defendants abandoned their negligence counterclaim, and the parties settled the breach of fiduciary duty counterclaim with plaintiff agreeing to pay defendants nominal damages. Plaintiff also abandoned his claim on the second promissory note. Consequently, the case

went to trial only on plaintiff's claim for payment on the first note. Defendants raised only the estoppel, undue influence, and rescission defenses at trial. The jury returned a general verdict in defendants' favor.

Defendants moved for attorney fees pursuant to the attorney fee provision of the contract and ORS 20.096(1).[1] Plaintiff objected, contending that: (1) defendants succeeded on their rescission defense and therefore are not entitled to rely on the contract as a basis to award fees; and (2) if defendants are entitled to attorney fees, then the trial court must apportion the fees. The trial court allowed the requested fees but declined to apportion them because, according to the trial court, all of the requested fees were incurred in defense of the contract dispute that defendants merely sought to defend by way of affirmative defenses and counterclaims.

Plaintiff appealed, assigning error, first, to the trial court's decision to allow fees and, second, to the trial court's failure to apportion the fees. When this case first came to us on appeal, we determined that defendants had succeeded in their rescission defense and held that they were therefore not entitled to rely on the contract as a basis for attorney fees. Because of that holding, we did not reach plaintiff's second assignment of error. 154 Or App 397, 402-04, 961 P2d 883 (1998). On review, however, the Supreme Court held that defendants are entitled to attorney fees because, although the trial court entered judgment for defendants, the judgment did not expressly order rescission of the parties' contract. 329 Or at 286. The Supreme Court therefore remanded this case for us to address the remaining assignment of error.

In considering a party's request for attorney fees, the trial court looks, first, to whether the party is entitled to attorney fees and, second, to the reasonableness of the requested fees. The prevailing party in a legal proceeding generally is not entitled to an award of attorney fees unless the award is authorized by statute or a specific contractual provision. *Domingo v. Anderson*, 325 Or 385, 388, 938 P2d

---

[1] ORS 20.096(1) provides that, in an action on a contract with an attorney fee provision, the prevailing party shall be entitled to attorney fees, regardless of whether the contract extends that right to both parties.

206 (1997). When a party prevails in an action that encompasses both a claim for which attorney fees are authorized and a claim for which they are not, the trial court must apportion attorney fees, except when there are issues common to both claims. *Greb v. Murray*, 102 Or App 573, 576, 795 P2d 1087 (1990). A party's entitlement to attorney fees is a question of law. *Koster Remodeling & Construction, Inc. v. Jataka*, 155 Or App 142, 145, 963 P2d 726 (1998). The reasonableness of fees, however, is a factual determination, where the trial court considers, among other things, the objective reasonableness of the party's claims and defenses asserted. We review a challenge to the amount of fees awarded (*i.e.*, reasonableness) for abuse of discretion. *Erwin v. Tetreault*, 155 Or App 205, 210, 964 P2d 277 (1998), *rev den* 328 Or 330 (1999).

Relying on *Greb* and related cases, plaintiff argues that the trial court was required to apportion the fees and to award fees only for work performed on issues for which, under the contract provision, defendants are entitled to fees. According to plaintiff, defendants are not entitled to attorney fees on affirmative defenses that they abandoned before trial. Plaintiff also asserts that defendants are not entitled to fees for work related to their rescission defense. Finally, plaintiff argues that the trial court was obligated to apportion fees between those incurred in defense of the contract action and those relating to their counterclaims.

We reject plaintiff's contention that defendants are not entitled to attorney fees for work performed in connection with their affirmative defenses. Defendants prevailed in the contract action. As a matter of entitlement, and apart from any issues of reasonableness, the prevailing party in a contract action has a right to recoup fees for work performed in connection with the action. It may be that the prevailing party, in bringing or defending the claim, did work that did not contribute to the party's eventual success—*e.g.*, investigated issues or theories that were not pursued or, if pursued, were abandoned before the case was tried, or if not abandoned, were rejected by the finder of fact. Whether and under what circumstances fees should be awarded for such work bears on the reasonableness of the amount requested, not

entitlement. Both below and on appeal, plaintiff has challenged only defendants' right to fees for the specified work, not the reasonableness of the fees requested. The trial court correctly determined that defendants were entitled to fees for work performed in connection with the affirmative defenses to the contract action, even those that were abandoned before trial or were unsuccessful.[2] Plaintiff presents no other objection to the award.

Plaintiff's argument regarding fees for work performed in connection with the counterclaims presents a different problem because the contract did not provide a right to attorney fees as to those separate claims. When a party prevails on an action that encompasses both a claim for which attorney fees are authorized and a claim for which they are not, the court must apportion the fees incurred for each claim. *Greb*, 102 Or App at 576. An exception arises, however, if the claims involve common legal issues. *Id.* In that situation, fees are not subject to apportionment on the theory that the party entitled to fees would have incurred roughly the same amount of fees irrespective of the additional claim or claims. *Freedland v. Trebes*, 162 Or App 374, 378-79, 986 P2d 630 (1999); *see also Estate of Wesley E. Smith v. Ware*, 307 Or 478, 481, 769 P2d 773 (1989) (defendant was entitled to all attorney fees because he "apparently incurred attorney fees in defending the unlawful trade practices claim that he would have incurred whether plaintiffs alleged a fraud claim or not").

■       Here, defendants pleaded by way of affirmative defense that they were entitled to recoupment and setoff based on plaintiff's negligent representation and breach of fiduciary duty. They also raised negligent representation and

---

[2] In light of the Supreme Court's holding in its review of this case, success on the rescission defense, if reflected in a judgment actually rescinding the contract, would have eliminated any entitlement to fees because it would have barred defendants from relying on the contract as a source of entitlement. *See Bennett*, 329 Or at 286. That bar would have operated, however, not because some work performed in connection with the contract action would have been reimbursable and some would not; it would have operated because the contract provision would have been extinguished.

breach of fiduciary duty as counterclaims and sought damages in connection with those counterclaims. The counterclaims and the affirmative defenses to the contract action thus involved common issues. That is, to obtain the pleaded recoupment and setoff on their contract action defense, defendants needed to pursue the same theories of negligent representation and breach of fiduciary duty that they needed to pursue to obtain damages on the counterclaims. Plaintiff has made no effort to demonstrate that the fees incurred in connection with the counterclaims on those theories exceeded the fees that would otherwise have been incurred in connection with the affirmative defenses to the contract action on those same theories. Nor is there any basis, given that the issues were common to both, to conclude that the fees would not have been the same. The trial court therefore did not err in refusing to allocate fees between defendants' defense of the contract claim and their counterclaims for negligent representation and breach of fiduciary duty.

The same is not true, however, of defendants' unfair debt collection practice counterclaim. None of defendants' theories in defense of the contract action overlapped or duplicated the issues related to their unfair debt collection counterclaim. Thus, fees for work performed in connection with that counterclaim could not appropriately be included in any fee award to defendants. *See Malot v. Hadley,* 102 Or App 336, 341, 794 P2d 833 (1990) (attorney fees incurred to defend contract action must be segregated from counterclaim based on indemnity agreement). The record reflects, however, that those fees were not included. Defendants represented to the trial court that, in preparing their fee request, they deleted time spent on that counterclaim, thus apportioning the fee request in advance of submitting it to the court. The trial court did not question that those fees should be segregated. In awarding the fees as requested, the trial court implicitly accepted defendants' representations that fees for the unfair debt collection counterclaim had been omitted from their request. Plaintiff provides us with no basis—legal or factual—on which to second-guess the trial court in that regard. Consequently, we conclude that the trial court did not err.

Finally, although plaintiff does not complain specifically of a fee that defendants included for amending their counterclaims, defendants on appeal have identified an entry of $270 for time spent amending their counterclaims that, they acknowledge, was not "related to defending the [contract] claim." They therefore concede that the attorney fee award should be reduced by that amount. We accept that concession and modify the judgment to reduce the attorney fee award by $270.

Supplemental judgment for attorney fees reduced by $270; affirmed as modified.