**GLASS & ASSOCIATES, successor-in-interest to Hamstreet & Company as Chapter 13 Trustee of the estate of Springfield Forest Products, a Delaware partnership, Plaintiff—Appellee,**

v.

**FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island corporation and successor-in-interest to Protection Mutual, Defendant—Appellant.**

Glass & Associates, successor-in-interest to Hamstreet & Company as Chapter 13 Trustee of the estate of Springfield Forest Products, a Delaware partnership, Plaintiff—Appellee,

v.

Factory Mutual Insurance Company, a Rhode Island corporation and successor-in-interest to Protection Mutual, Defendant—Appellant.

Glass & Associates, successor-in-interest to Hamstreet & Company as Chapter 13 Trustee of the estate of Springfield Forest Products, a Delaware partnership, Plaintiff—Appellee,

v.

Factory Mutual Insurance Company, a Rhode Island corporation and successor-in-interest to Protection Mutual, Defendant—Appellant.

Nos. 01–35427, 01–35530, 01–35728.
D.C. No. CV–99–06105–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2002.*

Decided Dec. 16, 2002.

Before REAVLEY,** KOZINSKI and W. FLETCHER, Circuit Judges.

MEMORANDUM ***

Factory waived its right to an appraisal by failing to request one within the timeframe specified by the insurance contract. The money it owed Springfield became due when the sixty-day period during which the contract permitted the parties to request an appraisal expired, provided that the amount Factory owed Springfield was either ascertained or readily ascertainable.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court's finding of fact that the amount Factory owed Springfield was readily ascertainable and that an award of prejudgment interest does not violate the parties' Tolling Agreements was not clearly erroneous. In consequence, the district court did not abuse its discretion in awarding prejudgment interest.

Under Oregon law, Springfield was entitled to reasonable attorney's fees. OR.REV. STAT. § 742.061. The district court found that the original and supplemental fees requested by Springfield were reasonable. The district court found also that all of Springfield's claims related to a common set of facts and that, as a result, apportionment of the requested fees was not appropriate. *See Bennett v. Baugh,* 164 Or.App. 243, 247–48, 990 P.2d 917 (1999). These findings are not clearly erroneous. In consequence, the district court did not abuse its discretion in awarding attorney's fees.

**AFFIRMED.**