Argued and submitted November 8, 2004, supplemental judgment awarding
attorney fees vacated and remanded March 16, 2005

Michael L. MORGAN
and Janet L. Morgan,
husband and wife,
and Cyndie Harp,
individually,
*Appellants,*

*and*

EAGLE-AIR ESTATES
HOMEOWNERS ASSOCIATION, INC.,
an Oregon non-profit corporation,
acting by and through Michael L. Morgan,
Janet L. Morgan, and Cyndie Harp,
*Plaintiff,*

*v.*

Vernon GOODSELL
and Sandra Goodsell,
*Defendants,*

*and*

EAGLE-AIR ESTATES
HOMEOWNERS ASSOCIATION,
an Oregon non-profit corporation,
*Respondent.*

01-CV-0580-AB; A123153

108 P3d 612

Michael W. Peterkin argued the cause for appellants. With him on the briefs were Brian C. Hickman and Michael W. Peterkin, P.C.

Gerald A. Martin argued the cause for respondent. With him on the brief was Francis Hansen & Martin, LLP.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

Plaintiffs have ownership interests in lots in a 12-lot planned community airpark subdivision. They also are members of the Eagle-Air Estates Homeowners Association (association) that governs the subdivision. Plaintiffs brought this action alleging three claims against the Goodsells, who developed the subdivision, and two claims against the association. The trial court found in favor of defendants on all claims and entered judgment accordingly. After doing so, the trial court entered a supplemental judgment awarding the association attorney fees in the amount of $41,105.50. The attorney fee award reflected work done to assist in the defense of the claims against the Goodsells as well as to defend the claims against the association. Plaintiffs appeal the supplemental judgment, arguing that the association was not entitled to fees for its efforts in defending the claims brought against the Goodsells. We agree and therefore reverse and remand for the trial court to apportion the award.[1]

The pertinent facts are largely procedural. The Goodsells developed, promoted, and sold lots in Eagle-Air Estates, an airpark subdivision located adjacent to the Sisters Airport. The subdivision was designed so that lot owners could taxi their personal airplanes from their homes to the runway at the adjacent airport. After discovering that the Goodsells retained a reversionary interest in the neighboring airstrip that was not conveyed to the lot owners or the association as part of the development, plaintiffs brought this action.

The first three claims named the Goodsells as defendants. In support of all three claims, plaintiffs alleged that the Goodsells breached their fiduciary duties as developers, as well as their contractual obligations to the purchasers, by retaining the reversionary interest rather than conveying it to the association. Plaintiffs' first two claims were brought as derivative actions on behalf of the association. The first claim sought to impose a constructive trust on the reversionary

---

[1] Plaintiffs also assign error to the award of attorney fees on grounds relating to the form of the request and the reasonableness of the amount requested. We reject those additional challenges without discussion.

interest for the benefit of the association. The second claim sought to impose an equitable servitude on the reversionary interest that could be enforced either by plaintiffs or by the association. Plaintiffs' third claim was brought on their own behalf and sought damages in the form of the reduced value of their lots that they allegedly suffered due to the Goodsells' alleged breach of contract and misrepresentations.

In addition to the three claims against the Goodsells, plaintiffs brought two claims against the association. Both of those claims were based on the association's alleged failure to comply with various provisions of ORS chapter 94 and with the association's by-laws and other governing rules and regulations. Plaintiffs requested injunctive relief and a return of certain monetary assessments made by the association. In addition, plaintiffs asserted an entitlement to attorney fees on the claims against the association, pursuant to ORS 94.780.

After defendants prevailed on all claims, the trial court awarded the association nearly the full amount of the fees that it requested. The request included amounts that reflected time and effort in assisting the Goodsells in defending the claims that plaintiffs brought against them. Plaintiffs objected to the request, arguing that the association acted gratuitously in assisting the Goodsells' defense on those claims and that it was not legally entitled to fees for that effort. In response, the association argued that it was entitled to defend the derivative claims against the Goodsells because it had determined that the relief that plaintiffs sought on the association's behalf was not in its best interests.[2] On appeal, the parties renew the arguments they made to the trial court.

 "In considering a party's request for attorney fees, the trial court looks, first, to whether the party is entitled to attorney fees and, second, to the reasonableness of the requested fees." *Bennett v. Baugh*, 164 Or App 243, 246, 990 P2d 917 (1999), *rev den*, 330 Or 252 (2000). The prevailing party in a legal proceeding generally is not entitled to an

---

[2] The association does not address its interest in defending the nonderivative claim against the Goodsells, other than to assert in passing, without citation to authority and without explanation, that its assistance on that claim might enhance the association's success on the claims against it.

award of attorney fees unless the award is authorized by statute or a specific contractual provision. *Domingo v. Anderson*, 325 Or 385, 388, 938 P2d 206 (1997). "When a party prevails in an action that encompasses both a claim for which attorney fees are authorized *and* a claim for which they are not, the trial court must apportion" attorney fees, except when there are issues common to both claims. *Greb v. Murray*, 102 Or App 573, 576, 795 P2d 1087 (1990) (emphasis in original). A party's entitlement to attorney fees is a question of law.

In this case, the parties agree that no contractual basis exists for the award of attorney fees to the association. The sole authority for such an award is statutory. In particular, two provisions of ORS chapter 94 authorize an award of attorney fees in an action involving the property owners in a planned community and the planned community's homeowners association. The first is ORS 94.719, which provides:

> "Unless otherwise provided in the declaration or bylaws, in any suit or action brought by a homeowners association to foreclose its lien or to collect delinquent assessments or in any suit or action brought by the declarant, the association or any owner or class of owners to enforce compliance with the terms and provisions of ORS 94.550 to 94.783, the declaration or bylaws, including all amendments and supplements thereto or any rules or regulations adopted by the association, the prevailing party shall be entitled to recover reasonable attorney fees therein and in any appeal therefrom."

Relatedly, ORS 94.780 authorizes an award of attorney fees to the prevailing party in an action seeking to remedy a violation of ORS 94.550 to 94.785 or to recover actual damages for such a violation.

■ ■ We need not decide whether, as the association argues, it was entitled to defend the derivative claims brought against the Goodsells on the theory that the association's interests were implicated by those claims. Even if that were correct, that fact does not convert those claims into ones for which attorney fees were authorized. The pertinent statutes do not authorize an award of attorney fees in any action that might implicate the interests of a homeowners association or property owner in a planned community. Rather, an

award of fees is limited to actions that are brought to enforce the provisions of ORS chapter 94 or the bylaws or other rules and regulations adopted by the association to govern the planned community. The claims against the Goodsells, derivative or not, did not fall into any of those categories. They were equitable and common-law claims seeking a constructive trust, equitable servitude, and money damages based on allegations that the Goodsells breached their fiduciary duties and contractual obligations. The only claims that sought to enforce the provisions of ORS chapter 94 or the bylaws and rules of the association—and thus, the only claims for which fees were authorized under either ORS 94.719 or ORS 94.780—were those that plaintiffs brought against the association. *A fortiori*, the association was entitled to fees on those claims only.[3]

Accordingly, the trial court was obligated to apportion the association's request for fees by limiting it to the association's efforts in defending the two claims brought against it directly for its alleged failure to comply with the provisions of ORS chapter 94 and its governing bylaws and regulations. The trial court's failure to do so was error. We therefore vacate the supplemental judgment and remand to the trial court for further proceedings.

Supplemental judgment awarding attorney fees vacated and remanded.

---

[3] As earlier noted, an exception to the apportionment requirement arises if the fee-generating and non-fee-generating claims involve common legal issues. *Greb*, 102 Or App at 576. In that situation, fees are not subject to apportionment on the theory that the party entitled to fees would have incurred roughly the same amount of fees irrespective of the additional claim or claims. *Freedland v. Trebes*, 162 Or App 374, 378-79, 986 P2d 630 (1999). The association did not rely on that exception at trial, nor has it done so on appeal.