Argued and submitted December 6, 2012, reversed and remanded
August 20, 2014

Paul S. PERRY,
*Plaintiff-Appellant,*

*v.*

John L. HERNANDEZ
and Toni R. Hernandez,
husband and wife,
*Defendants-Respondents,*

*and*

Shawn HERNANDEZ
and Tonya Hernandez,
husband and wife,
dba American Residential Management Services;
and Justin Hernandez,
*Defendants.*

Douglas County Circuit Court
08CV1717CC; A146728

333 P3d 1188

Kenneth P. Dobson argued the cause for appellant. With him on the opening brief were Megan Cook and Chenoweth Law Group, PC. With him on the reply brief was Chenoweth Law Group, PC.

Dan G. McKinney argued the cause for respondents. With him on the brief was DC Law.

Before Armstrong, Presiding Judge, and Duncan, Judge, and De Muniz, Senior Judge.*

DE MUNIZ, S. J.

---

\* De Muniz, S. J., *vice* Brewer, J. pro tempore.

**DE MUNIZ, S. J.**

Plaintiff prevailed on a claim under the Residential Landlord and Tenant Act (RLTA), ORS 90.100-ORS 90.875, and sought an award of attorney fees. ORS 90.255. The trial court denied attorney fees on the ground that plaintiff's counsel had not sufficiently apportioned his fees between plaintiff's fee-bearing claim and those claims for which attorney fees were not authorized. We conclude that the trial court erred in denying plaintiff's attorney-fees claim, and reverse and remand to the trial court with instructions to award plaintiff reasonable attorney fees.

Plaintiff brought claims under the RLTA, as well as common-law claims for negligence, nuisance, and negligent trespass against defendants Shawn and Tonya Hernandez, the property owners, and Justin Hernandez, the property manager, of the Old Town Laundry and Apartments in Reedsport. Plaintiff, an apartment tenant, claimed that defendants allowed carbon monoxide and other hazardous fumes from the in-building laundromat to leak into his apartment. He alleged that the noxious fumes sickened him and caused lasting injury. Plaintiff's RLTA claim was filed only against the owners, alleging that they had failed to maintain the premises in a habitable condition. *See* ORS 90.320. Plaintiff brought his remaining common-law claims against all defendants. Plaintiff sought the same damages for all claims.

Before trial, the owners made an offer of judgment, which plaintiff accepted. The offer of judgment expressly included an award of "attorney[] fees and costs of suit." Thereafter, plaintiff submitted a fee petition attaching exhibits detailing all legal services rendered. The owners objected to plaintiff's fee petition on the grounds that legal services had not been segregated between the RLTA claim and plaintiff's common-law claims. In response, plaintiff argued that apportionment was unnecessary because all claims arose out of the same common issues. The court awarded plaintiff costs, but refused to award attorney fees. On appeal, plaintiff challenges the trial court's denial of attorney fees, and

we review for legal error.[1] *Bennett v. Baugh*, 164 Or App 243, 247, 990 P2d 917 (1999), *rev den*, 330 Or 252 (2000).

Defendants' offer of judgment was "given pursuant to ORCP 54 E" and included "[p]laintiff's attorney[] fees and costs of suit." Because the offer of judgment did not include a specified amount of attorney fees, plaintiff's attorney fees needed to be determined by the trial court "as provided in Rule 68." ORCP 54 E(2); *see also For Counsel, Inc. v. Northwest Web Co.*, 329 Or 246, 254, 985 P2d 1277 (1999) (noting that if offer of judgment under ORCP 54 E does not include an amount for attorney fees and costs, trial court determines amount of fees and costs in accordance with ORCP 68). Although the offer of judgment authorized an award of attorney fees, the trial court denied plaintiff an award of attorney fees on the ground that plaintiff's counsel had not segregated fees authorized under the RLTA from those incurred in pursuit of plaintiff's common-law claims for negligence, negligent trespass, and nuisance. As a general matter, when a party prevails on a claim for which attorney fees are authorized and a claim for which they are not, the trial court must apportion the fees incurred for each claim. *Greb v. Murray*, 102 Or App 573, 576, 795 P2d 1087 (1990). However, there is an exception to that rule when the claims involve common issues. *Id.* That exception is based on the premise that attorney fees should not be subject to apportionment when the party entitled to fees would have incurred roughly the same amount of fees, irrespective of the additional claim or claims. *Bennett*, 164 Or App at 248; *see also North Marion Sch. Dist. #15 v. Acstar Ins. Co.*, 206 Or App 593, 605, 138 P3d 876 (2006), *rev den*, 344 Or 670 (2008) (when claims present common issues, plaintiff is not required to segregate time spent on fee-bearing claim from nonfee-bearing claim).

According to defendants, plaintiff's common-law claims involved elements and statutes of limitation that are different from plaintiff's "habitability" claim under the RLTA. We agree that, in some circumstances, the fact that

---

[1] To the extent that defendant argues that the court's decision denying plaintiff an award of attorney fees should be reviewed for abuse of discretion, we reject that argument without written discussion.

the elements and statutes of limitation for a nonfee-bearing claim differ from a fee-bearing claim may require the segregation of fees. However, that is not the circumstance here. All of plaintiff's claims—RLTA, negligence, negligent trespass, and nuisance—arose from and were based on the hazardous conditions that defendants permitted to exist in the building. The evidence necessary to prove the RLTA claim and the common-law claims involved, for the most part, a common core of facts derived from investigation and review of records regarding the building's condition and deficiencies. Similarly, the development of evidence regarding plaintiff's damages—plaintiff's medical history and injuries—was equally applicable to all of the claims that plaintiff alleged. Under those circumstances, we conclude that, because plaintiff would have incurred "roughly" the same fees to prove the RLTA claim irrespective of the common-law claims, segregation of fees was not necessary, and the trial court erred in concluding otherwise.

Plaintiff was entitled to an award of attorney fees based on the petition submitted. On remand, the trial court should consider the reasonableness of the requested fees and enter an appropriate attorney fee award.

Reversed and remanded.