Submitted January 4, supplemental judgment vacated and remanded
June 11, 2008

Michael L. MORGAN
and Janet L. Morgan,
husband and wife,
and Cyndie Harp,
individually,
*Plaintiffs-Appellants,*

*and*

EAGLE-AIR ESTATES
HOMEOWNERS ASSOCIATION, INC.,
an Oregon non-profit corporation,
acting by and through
Michael L. Morgan, Janet L. Morgan,
and Cyndie Harp,
*Plaintiffs,*

*v.*

Vernon GOODSELL
and Sandra Goodsell,
husband and wife,
*Defendants,*

*and*

EAGLE-AIR ESTATES
HOMEOWNERS ASSOCIATION, INC.,
an Oregon non-profit corporation,
*Defendant-Respondent.*

Deschutes County Circuit Court
01CV0580AB; A132723

185 P3d 1117

David A. Hilgemann and Law Offices of David Hilgemann filed the briefs for appellants.

Gerald A. Martin and Francis Hansen & Martin, LLP filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

.

**EDMONDS, P. J.**

This case is before this court for a second time. Plaintiffs hold ownership interests in a planned community airpark subdivision and are members of a homeowners association that governs the subdivision. They brought this action against the Goodsells, the subdivision developers, and against Eagle-Air Estates Homeowners Association (the association) based on claims of breach of fiduciary duties allegedly owed to them. The trial court found in favor of defendants on all claims and entered judgment accordingly. Thereafter, the court awarded the association $41,105.50 in attorney fees as the prevailing party, over plaintiffs' objection filed pursuant to ORCP 68. In *Morgan v. Goodsell*, 198 Or App 385, 108 P3d 612 (2005) (*Morgan I*), we remanded this case to the trial court for further proceedings after determining that the trial court had failed to apportion the attorney fee award between the legal services afforded by defendants' attorney to the Goodsells and the services afforded to the association. We reasoned that apportionment was necessary because no pertinent statute authorized a fee award on the claims made against the Goodsells. On remand, the trial court reduced the award by $3,478—the amount it apportioned to the services furnished to the Goodsells—and entered a supplemental judgment awarding the association $37,627.50 in attorney fees. Plaintiffs appeal from that judgment. We vacate the supplemental judgment and remand.

Plaintiffs argue on appeal that the trial court erred when it made the above apportionment without the benefit of any testimony or evidence submitted by the association. On remand, the trial court held a hearing to determine "the amount of attorney fees based on the decision that was handed down from the Court of Appeals." At that hearing, the association's attorney offered a handwritten calculation that undertook to apportion the legal services rendered to the Goodsells and to the association. He explained, "I've not marked it as an exhibit[;] it is simply a summary of what I believe should be deleted, and I believe [the] remainder * * * should be chargeable." He further described the calculation as "my proposal for what should be deleted from the attorney fees * * * and it's offered as an aid to the Court." Despite

plaintiffs' objection that the court did not have a sufficient record before it to rule, the trial court took the matter under advisement and subsequently awarded the association $37,627.50 in attorney fees. The court explained its ruling in a letter:

"Defendant Eagle-Air Estates Homeowners Association, Inc. shall not be awarded attorney fees for the following statement entries: 11/01/02 (.9), 11/05/02 (.3), 11/07/02 (1.1), 11/11/02 (1.8), 01/08/03 (.4), 03/05/03 (.3), 03/24/03 (.9), 04/03/03 (.5) and 05/29/03 (.3) and for one-half of the total time related to preparation of closing argument. Accordingly, the total claimed of $41,105.50 is reduced by $3,478. Defendant is awarded $37,627.50 for its attorney fees."

On appeal, plaintiffs reiterate their position that the trial court lacked a sufficient evidentiary record upon which to rule. The association responds that the trial court did not abuse its discretion in basing its award on its calculation without the benefit of an evidentiary hearing. Although a trial court's actual apportionment of attorney fees between a fee-generating claim and a non-fee-generating claim is reviewed for an abuse of discretion, *R & C Ranch, LLC v. Kunde*, 177 Or App 304, 316, 33 P3d 1011 (2001), *modified and rem'd on recons*, 180 Or App 314, 44 P3d 607 (2002), whether a court is required to hold an evidentiary hearing upon which to base an apportionment is a separate issue.

That issue is governed by ORCP 68. In particular, ORCP 68 C(4)(c)(i) provides:

"If objections are filed in accordance with paragraph C(4)(b) of this rule, the court, without a jury, shall hear and determine all issues of law and fact raised by the statement of attorney fees or costs and disbursements and by the objections. The parties shall be given a reasonable opportunity to present affidavits, declarations and other evidence relevant to any factual issue, including any factors that ORS 20.075 or any other statute or rule requires or permits the court to consider in awarding or denying attorney fees or costs and disbursements."

Our case law on attorney fee apportionment echoes the evidentiary hearing requirement in ORCP 68 C(4)(c)(i).

In *Greb v. Murray*, 102 Or App 573, 576, 795 P2d 1087 (1990), we held that,

"[w]hen a party prevails in an action that encompasses both a claim for which attorney fees are authorized *and* a claim for which they are not, the court must apportion the fees incurred for each claim. It may award only the fees reasonably incurred for the claim for which attorney fees are authorized, except when there are issues common to both claims."

(Emphasis in original.) In *Nelson v. Emerald People's Utility Dist.*, 116 Or App 366, 840 P2d 1384 (1992), *rev'd on other grounds*, 318 Or 99, 862 P2d 1293 (1993), we again addressed the issue of attorney fee apportionment. We observed in that case that, although the underlying factual issues "may be virtually identical, the two claims involve legal issues that are as different as night and day." *Id.* at 377. That observation is applicable to this case where the claims against the association were based on the provisions of ORS chapter 94 and the claims against the Goodsells were equitable and common-law claims.

Based on that premise in *Nelson*, we remanded for an evidentiary hearing regarding the apportionment of the claims. We explained,

"We have examined the 14-page exhibit detailing the fees and services of plaintiff's attorney. The exhibit has numerous entries for 'research' and other services described in such general terms that the court could not have ascertained which claim they related to without conducting an evidentiary hearing. The court could not have properly apportioned fees solely by examining the fee statement, and it did not conduct an evidentiary hearing in that regard. The amount of the attorney fee award was erroneous."

*Id.* at 377.

Although the association argues in conclusory fashion that *Nelson* is factually dissimilar and therefore not controlling, we adhere to its reasoning in this case. By its terms, ORCP 68 C(4)(c)(i) clearly contemplates an evidentiary hearing when objections under ORCP 68 C(4)(b) are made to a

statement seeking attorney fees. ORCP 68 C(4)(c)(i) is mandatory in its terms. As the record plainly shows, the association offered no evidence to support its proposed apportionment. Under the rule's language and the circumstances that existed at the hearing, the trial court erred when it refused to hold an evidentiary hearing. We therefore vacate the supplemental judgment for attorney fees and remand for further proceedings.

Supplemental judgment vacated and remanded.