Submitted May 2, on appeal, affirmed; on cross-appeal, judgment reversed and remanded as to attorney fees, otherwise affirmed November 19, 2008, petition for review denied March 4, 2009 (346 Or 65)

# MOUNTAIN HIGH HOMEOWNERS ASSOCIATION, INC.,
an Oregon nonprofit corporation,
*Plaintiff-Respondent,*
*Cross-Appellant,*

*v.*

## Sharon Mitchell JEWETT,
*Defendant-Appellant,*
*Cross-Respondent.*

Deschutes County Circuit Court
05CV0341ST; A132919

197 P3d 27

Sharon Mitchell Jewett filed the briefs *pro se*.

Gerald A. Martin, and Francis Hansen & Martin, LLP, filed the brief for respondent - cross-appellant.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

WOLLHEIM, J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

## WOLLHEIM, J.

Defendant appeals a general judgment granting plaintiff declaratory and injunctive relief and dismissing defendant's counterclaims. The judgment was entered following the trial court's granting of plaintiff's motion for summary judgment and denial of defendant's cross-motion for summary judgment. The judgment declared, among other things, that documents recorded by plaintiff—and not those recorded by defendant—are the governing documents for the lots in the planned community governed by plaintiff, a homeowners association. Plaintiff cross-appeals, assigning error to the trial court's failure to award attorney fees. We affirm on the appeal without discussion. On the cross-appeal, we reverse and remand.

Plaintiff is the homeowners association for a planned community of several subdivisions that consolidated in 1999. Also in 1999, plaintiff recorded with the Deschutes County Clerk several amended declarations of covenants, conditions, and restrictions that incorporated a number of separate planned community associations into a single planned community association, plaintiff Mountain High Homeowners Association, Inc. The third amended declaration (the Amended CCR) incorporated the planned community association formerly known as Willow Creek.

In 2000, defendant purchased real property within the planned community formerly known as Willow Creek. At that time, defendant did not discover that her property was subject to the Amended CCR, and she later contested her obligations to pay plaintiff's assessments on her property as required by the Amended CCR. On June 3, 2005, defendant recorded a document entitled Restatement (Willow Creek Restatement) with the Deschutes County clerk. The Willow Creek Restatement states, "This Restatement of Willow Creek Association's Conditions, Covenants, Restrictions and Resolutions (Book) are the governing documents for the Willow Creek Association at Mountain High Homeowner's Association from and after September 20, 1989."

Later that same month, plaintiff commenced this proceeding. Plaintiff asserted that the Amended CCR was properly recorded and is the governing document for

Mountain High Homeowners Association, Inc., including defendant's property. Plaintiff also complained that the Willow Creek Restatement is "a nullity pursuant to the provisions of ORS Chapter 94" because

"(a)  The document does not recite that it was approved by 75% of all of the owners eligible to vote.[1]

"(b)  It does not provide, as required by ORS 94.590(6)(b), that the Board of Directors adopted the resolution and is causing the declaration to be restated.

"(c)  It does not. contain, as required by ORS 94.590(6)(d), a certification by the President and Secretary of the Association that the restated declaration included all previously adopted amendments in effect.

"(d)  It was not executed and acknowledged by the President and Secretary of the Association as required by ORS 94.590(6)(e)."

Plaintiff sought a declaration that the Amended CCR is the governing instrument for the consolidated planned community, a declaration that the Willow Creek Restatement is a nullity, and injunctive relief enjoining defendant from recording additional documents with the county clerk that did not comply with the Amended CCR and with the provisions of ORS chapter 94. In addition, plaintiff sought an award of reasonable attorney fees pursuant to ORS 94.719 and ORS 94.780. Defendant counterclaimed for, among other things, a declaration recognizing that the Willow Creek Restatement is the governing instrument of the Willow Creek planned community and for tort remedies.

Both parties moved for summary judgment. Plaintiff reiterated, in support of its motion for summary judgment, that the Willow Creek Restatement "is a nullity because it does not comply with the requirements of ORS 94.590(6)." After considering the motions, the trial court granted plaintiff's motion on all of its claims, denied defendant's motion on

---

[1]  ORS 94.590(1)(a) provides that declarations may be amended "only with the approval of owners representing at least 75 percent of the total votes in the planned community or any larger percentage specified in the declaration."

her counterclaims, and invited plaintiff to submit a statement for attorney fees pursuant to ORCP 68. Plaintiff submitted a statement for an award of attorney fees, relying on ORS 94.719 and ORS 94.780 as authorizing the award of attorney fees to plaintiff. Defendant did not file an objection.

The trial court signed a general judgment granting plaintiff's requested declaratory and injunctive relief and dismissing defendant's counterclaims, but declining to award plaintiff any attorney fees. In the judgment, the trial court stated that the Willow Creek Restatement is a nullity because it was "not duly adopted pursuant to the requirements of the Mountain High Declarations of Covenants, Conditions and Restrictions as amended or the applicable provisions of ORS Chapter 94."

On cross-appeal, plaintiff argues that the trial court erred by failing to award it attorney fees pursuant to ORS 94.719 and ORS 94.780. We review a party's entitlement to attorney fees as a question of law. *Lumbermen's v. Dakota Ventures*, 157 Or App 370, 374, 971 P2d 430 (1998). The prevailing party in a proceeding is entitled to attorney fees only if the award is authorized by statute or contract. *Domingo v. Anderson*, 325 Or 385, 388, 938 P2d 206 (1997). In this case, plaintiff claims an entitlement to attorney fees based on ORS 94.719 and ORS 94.780.

We begin with ORS 94.719, which provides, in part, that

> "in any suit or action brought by the declarant, the association or any owner or class of owners to enforce compliance with the terms and provisions of ORS 94.550 to 94.783 or the declaration or bylaws, including all amendments and supplements thereto or any rules or regulations adopted by the association, the prevailing party shall be entitled to recover reasonable attorney fees therein and in any appeal therefrom."

Thus, the prevailing party in any action brought by an association to enforce compliance with the terms and provisions of ORS 94.550 to 94.783 is entitled to recover reasonable attorney fees. There is no dispute that plaintiff prevailed in this action or that plaintiff, a homeowners association, is an "association" as that term is used in ORS 94.719. *See* ORS

94.550(13) (defining "association"). The remaining issue is whether plaintiff's action was brought to enforce compliance with the relevant statutory provisions.

■    Plaintiff's complaint sought a declaration that the Willow Creek Restatement is a nullity because defendant violated various provisions of ORS 94.590 when she recorded the Willow Creek Restatement with the county clerk. Plaintiff reiterated that argument in its motion for summary judgment. In granting plaintiff's motion, the trial court determined that, as a matter of law, defendant's filing violated the provisions of ORS 94.590, and plaintiff was entitled to declaratory relief to enforce the provisions of ORS 94.590. As stated above, we affirm the trial court's granting of plaintiff's motion for summary judgment and denial of defendant's cross-motion for summary judgment without discussion.

Because plaintiff is a prevailing party in an action brought by an association to enforce compliance with the terms and provisions of ORS 94.590, ORS 94.719 establishes that plaintiff "shall be entitled to recover reasonable attorney fees." The text of ORS 94.719 requires an award of reasonable attorney fees to plaintiff, and the trial court erred by not awarding plaintiff its reasonable attorney fees. We therefore do not consider whether ORS 94.780 also authorizes an award of reasonable attorney fees. We reverse the general judgment, remand for consideration of the amount of plaintiff's reasonable attorney fees, and otherwise affirm.

On appeal, affirmed; on cross-appeal, judgment reversed and remanded as to attorney fees, otherwise affirmed.