Argued and submitted March 5, on appeal, reversed and remanded;
cross-appeal dismissed as moot May 9, petition for review denied
November 8, 2012 (352 Or 665)

Vernon GOODSELL;
Bruce Haphey;
and 15840 Pilot Drive, LLC,
*Plaintiffs-Appellants*
*Cross-Respondents,*

*and*

John SCHIBEL,
*Plaintiff,*

*v.*

EAGLE-AIR ESTATES HOMEOWNERS ASSOCIATION,
an Oregon non-profit corporation,
*Defendant,*

*and*

Michael MORGAN;
Charles Harp;
and Ben Lindner,
as members of the board of directors of
Eagle-Air Estates Homeowners Association,
*Defendants-Respondents*
*Cross-Appellants.*

Deschutes County Circuit Court
10CV0207MA; A147007

278 P3d 133

Stephen P. Forte, Judge.

Margaret Fiorino argued the cause for appellants - cross-respondents. With her on the briefs was John R. O'Neill.

Michael W. Peterkin argued the cause for respondents - cross-appellants. With him on the briefs was Peterkin & Associates.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

HASELTON, C. J.

## HASELTON, C. J.

In the latest installment of long-running serial litigation,[1] plaintiffs appeal from the dismissal of this action seeking judicial removal, pursuant to ORS 65.327(1), of the defendant individual directors of a homeowners association, and defendants cross-appeal from the trial court's denial of their request for attorney fees. In moving to dismiss under ORCP 21 A(8), defendants argued, and the trial court agreed, that plaintiffs' invocation of ORS 65.327(1) impermissibly conflicted with the association's bylaw provision pertaining to removal of directors, as well as with other provisions of ORS chapter 65 and ORS chapter 94. We conclude that the trial court erred in that regard—and, specifically, that the bylaw and statutory removal provisions to which defendants and the trial court referred are nonexclusive and that ORS 65.327(1) supplements, without contradiction, those provisions. Accordingly, we reverse and remand on appeal and dismiss the cross-appeal as moot.

A detailed description of the underlying dispute would be gratuitous. It suffices to say that plaintiffs and the individual defendants are all members of the defendant homeowners association and planned community subdivision, consisting of 12 lots. Plaintiff Goodsell was also a developer of the subdivision. The defendant association was established as a nonprofit corporation in 1991, and, at various times, both the individual plaintiffs and the individual defendants have served as members of the association's three-member board of directors. Even more to the point, the relationship between the individual plaintiffs and the individual defendants has been mutually antagonistic. For example, when the individual plaintiffs were serving as directors of the association, defendant Morgan asserted, in the course of litigating derivative claims, that those plaintiffs had abused their authority and discretion as directors, and Morgan unsuccessfully sought an order removing them as directors.

---

[1] *See, e.g., Morgan v. Goodsell,* 198 Or App 385, 108 P3d 612 (2005); *Morgan v. Goodsell,* 198 Or App 533, 109 P3d 803, *rev den,* 339 Or 406 (2005); *Morgan v. Goodsell,* 220 Or App 329, 185 P3d 1117 (2008); *Eagle-Air Estates Homeowners Assn. v. Harp,* 234 Or App 218, 227 P3d 1242 (2010).

The individual plaintiffs' terms as directors of the association expired in 2006, and the individual defendants succeeded those plaintiffs as directors. In March 2010, plaintiffs brought this action, alleging that the individual defendants had breached their fiduciary duties as directors in a variety of particulars, including engaging in impermissible self-dealing, and seeking their removal pursuant to ORS 65.327(1). That statute, which is set out more fully below, provides, in part:

"(1)  The circuit court of the county where a corporation's principal office is located, or if the principal office is not in this state where its registered office was last located, may remove any director of the corporation from office in a proceeding commenced either by the corporation, at least 10 percent of the members of any class entitled to vote for directors, or the Attorney General in the case of a public benefit corporation if the court finds that:

"(a)  The director engaged in fraudulent or dishonest conduct, or gross abuse of authority or discretion, with respect to the corporation, or the director has violated a duty set forth in ORS 65.357 to 65.367; and

"(b)  Removal is in the best interest of the corporation."

Defendants moved under ORCP 21 A(8) to dismiss the complaint. They asserted, essentially, that judicial removal under ORS 65.327(1) was inapposite to directors of homeowners associations, by virtue of ORS 94.640(6),[2] and that the provisions of the association's bylaws pertaining to removal of directors were exclusive and preclusive. In particular, defendants invoked Article III, section 5, of the bylaws, which states, in pertinent part:

---

[2] ORS 94.640(6) provides, in part:

"(a) Unless otherwise provided in the declaration or bylaws, at a meeting of the owners at which a quorum is present, the owners may remove a director from the board of directors, other than directors appointed by the declarant or individuals who are ex officio directors, with or without cause, by a majority vote of owners who are present and entitled to vote."

See also ORS 94.635(5)(d) (providing that the bylaws of a planned community homeowners association adopted under ORS 94.625 or ORS 94.640 "shall provide for * * * [t]he method of removing directors from office in accordance with ORS 94.640(6)").

"At any regular special meeting of the Association duly called, any one or more of the members of the Board of Directors may be removed, with or without cause, by a majority vote of the Owners of Lots, and a successor may then and there be elected to fill the vacancy thus created. A director whose removal has been proposed by the Owners of Lots shall be given at least ten (10) days' notice of the calling of the meeting and the purpose thereof and shall be given an opportunity to be heard at the meeting."

Plaintiffs remonstrated that "the provisions of ORS Chapter 65 [including ORS 65.327(1)] apply to all non-profit corporations, including [the defendant association], unless they conflict with provisions of the Planned Community Act" in ORS chapter 94 and that there was no such conflict because,

"[a]lthough ORS 94.640(6)(a) and Article III, § 5 of [the association's] bylaws both provide that a director may be removed, with or without cause, by a vote of a majority of owners, there is nothing in those provisions that provides that removal of directors can be accomplished *exclusively* through a membership vote. ORS Chapter 60 on private corporations and ORS Chapter 65 on non-profit corporations both contain provisions for shareholder or member removal of directors, ORS 60.324 and 65.324, as well as judicial removal of directors, ORS 60.327 and 65.327. It is disingenuous to argue that a court can remove a board member of a private or non-profit corporation for gross abuse of authority or discretion, ORS 60.327 and 65.327, but that a board member of a homeowners association that is a non-profit corporation cannot be removed by a court for the same misconduct."

Ultimately, the trial court agreed with defendants and dismissed the action. In so ruling, the court explained:

"From the Court's perspective the parties have requested and they're asking and specifically 327 and—I believe it's 65.327, the application of that and asking the Court to get involved in the Homeowners Association for purposes of determining who can and can't be on the board * * * delineates exactly why the Court should not be involved. This is an issue that is left to the parties to decide. The board—the homeowners' members to decide.

"And if they in fact want to apply the provisions of 327, they can make and amend the rules and their bylaws to allow the Court to get involved, but until and unless they do that—in fact, the legislature has saw fit, and from the Court's perspective it makes the most sense that in fact it's the homeowners who decide who's on the board of directors and not a court making a determination based upon one individual making application to the Court and asking the Court to remove a director when in fact the membership is choosing not to move the—to remove the director."

On appeal, plaintiffs contend that the trial court erred in concluding that the director-removal provision of the association's bylaws, Article III, section 5, was exclusive, rendering judicial removal pursuant to ORS 65.327(1) inapposite.[3] In particular, plaintiffs contend that—contrary to the trial court's ostensible premise—there is no inconsistency between the former and the latter and, in fact, the latter supplements the former, applying only in those circumstances in which judicial intervention is required to protect the association from the consequences of misconduct by directors enjoying majoritarian support. For the following reasons, we agree with plaintiffs and, accordingly, reverse and remand.

We begin with the historical and statutory context that frames our analysis and, ultimately, drives our disposition. As noted, the defendant association was established as a nonprofit corporation, and its bylaws—including Article III, section 5—were adopted, in 1991. As of that time, two provisions of ORS chapter 65, governing nonprofit corporations, pertained to the removal of directors of such corporations. First, ORS 65.324 provides, as pertinent here:

"(1) The members may remove one or more directors elected by them with or without cause unless the articles of incorporation provide that directors may be removed only for cause.

"* * * * *

---

[3] Plaintiffs alternatively contend that, because some of the defendants (*e.g.*, Morgan) had, in earlier litigation, unsuccessfully attempted to invoke ORS 65.327(1) in an effort to obtain the individual plaintiffs' removal as directors, *see* 249 Or App at 642, those defendants should now be judicially estopped to contend that ORS 65.327(1) is inapposite in this context. Given our analysis and disposition, we do not reach and address that alternative contention.

"(10)   The articles or bylaws of a religious corporation may:

"(a)   Limit the application of this section; and

"(b)   Set forth the vote and procedures by which the board or any person may remove with or without cause a director elected by the members or the board."

Second, ORS 65.327 provides, as pertinent here:

"(1)   The circuit court of the county where a corporation's principal office is located, or if the principal office is not in this state where its registered office was last located, may remove any director of the corporation from office in a proceeding commenced either by the corporation, at least 10 percent of the members of any class entitled to vote for directors, or the Attorney General in the case of a public benefit corporation if the court finds that:

"(a)   The director engaged in fraudulent or dishonest conduct, or gross abuse of authority or discretion, with respect to the corporation, or the director has violated a duty set forth in ORS 65.357 to 65.367; and

"(b)   Removal is in the best interest of the corporation.

"* * * * *

"(5)   The articles or bylaws of a religious corporation may limit or prohibit the application of this section."

Those two provisions were enacted concurrently in 1989. *See* Or Laws 1989, ch 1010, §§ 77, 78.[4]

Also extant in 1991 were provisions of ORS chapter 94 relating to the formation, powers, and governance of homeowners associations. As pertinent here, ORS 94.635(5) (1989) provided:

"The bylaws of an association adopted under ORS 94.625 * * * shall provide for the following:

"* * * * *

"(5)   The election of a board of directors from among the unit owners, the number of persons constituting the board, the powers and duties of the board, any compensation of the

---

[4] Neither statute has been amended since enactment.

directors *and the method of removing directors from office in accordance with ORS 94.640(5)*."[5]

(Emphasis added.) ORS 94.640(5) (1989), in turn, provided:

"Notwithstanding any contrary provision of the declaration or bylaws the owners may remove any member of the board of directors, other than members appointed by the declarant or persons who are ex officio directors, with or without cause, by a majority vote of all owners present and entitled to vote at any meeting of the owners at which a quorum is present. No removal of a director is effective unless the matter of removal is an item on the agenda and stated in the notice for the meeting required under ORS 94.650."[6]

Thus, as of the time that the association was established as a nonprofit corporation, applicable statutes provided for two distinct and nonmutually exclusive methods for removal of a director of a nonprofit corporation: (1) intramurally, with or without cause (unless otherwise specified), by a majority vote of members (ORS 65.324(1)); and (2) by judicial action, upon a particularized showing that the director had engaged in improper conduct and that his or her removal would be in the corporation's best interest (ORS

---

[5] The present version of that statute, ORS 94.635(5)(a) to (d), has been restructured, *see* Or Laws 2001, ch 756, § 14, but its substance remains the same.

[6] That language was substantially modified in 2011, *see* Or Laws 2011, ch 532, § 3, to include, *inter alia*, various procedural qualifications. The present version of the statute (as renumbered), ORS 94.640(6), provides:

"(a) Unless otherwise provided in the declaration or bylaws, at a meeting of the owners at which a quorum is present, the owners may remove a director from the board of directors, other than directors appointed by the declarant or individuals who are ex officio directors, with or without cause, by a majority vote of owners who are present and entitled to vote:

"(b) Notwithstanding contrary provisions in the declaration or bylaws:

"(A) Before a vote to remove a director, owners must give the director whose removal has been proposed an opportunity to be heard at the meeting.

"(B) The owners must vote on the removal of each director whose removal is proposed as a separate question.

"(C) Removal of a director by owners is effective only if the matter of removal was an item on the agenda and was stated in the notice of the meeting if notice is required under ORS 94.650.

"(c) A director who is removed by the owners remains a director until a successor is elected by the owners or the vacancy is filled as provided in subsection (7) of this section."

65.327(1)). The latter applied to all nonprofit corporations, except "religious corporation[s]" whose bylaws limited or prohibited its application, ORS 65.327(5)—there was (and is), for example, no exception for homeowners associations that were incorporated as nonprofit corporations. Moreover, nothing in ORS chapter 94 purported to preclude or qualify the application of ORS 65.327(1) to homeowners associations that were incorporated as nonprofit corporations.

Given that context, it is patent that, when the association was established and its bylaws were adopted, directors of the association were subject not only to "intramural" removal pursuant to Article III, section 5 (comporting with ORS 94.640(5) (1989)—and, generically, ORS 65.324(1)), but also to judicial removal, in the prescribed circumstances, pursuant to ORS 65.327(1). Article III, section 5, of the bylaws and ORS 94.640(5) (1989) were neither exclusive nor preclusive of ORS 65.327(1). Nor, as is manifest from the legislature's concurrent enactment in 1989 of ORS 65.324 and ORS 65.327, was there any innate inconsistency between generic mechanisms of majoritarian removal of directors, with or without cause, and a particularized mechanism for judicial removal of a director predicated upon prescribed proof of improper conduct.

The question then becomes whether any modification of applicable statutes since 1991 has so altered that state of affairs as to now render Article III, section 5, of the bylaws exclusive and preclusive of ORS 65.327 in ways that it was not originally. Article III, section 5, itself has not been amended—nor, as noted, has ORS 65.324, ORS 65.327, or (in substance, as pertinent to this dispute) ORS 94.640(5) (1989) as now set out at ORS 94.640(6)(a). However, defendants invoke three statutes that were either enacted or subsequently materially amended in 2003, 12 years after Article III, section 5, of the bylaws was adopted. The first, ORS 65.959, which was enacted in 2003,[7] provides, as pertinent:

> "For a corporation organized under this chapter and
> * * * subject to regulation under all or part of the provisions
> of ORS 94.550 to 94.783 * * *:

---

[7] Or Laws 2003, ch 569, § 46.

"(1)   A provision of this chapter that may be avoided by a corporation by a provision in the corporation's articles of incorporation, bylaws or otherwise also may be avoided by a provision in the declaration, bylaws or other recorded governing document of a planned community or a condominium.

"(2)   In the event of a conflict between the provisions of this chapter and:

"* * * * *

"(b)   The declaration, bylaws and other recorded governing documents of a planned community and the provisions of ORS 94.550 to 94.783, the declaration, bylaws and other governing documents and the provisions of ORS 94.550 to 94.783 control."

Second, ORS 94.770(4), also enacted in 2003,[8] provides:

"If the provisions of ORS 94.550 to 94.783 and the provisions of ORS chapter 65 apply to an association and the provisions conflict, the provisions of ORS 94.550 to 94.783 control."

Third, ORS 94.640(1), as amended in 2003,[9] provides:

"The board of directors of an association may act on behalf of the association except as limited by the declaration and the bylaws. In the performance of their duties, officers and members of the board of directors are governed by this section and the applicable provisions of ORS 65.357, 65.361, 65.367, 65.369 and 65.377, whether or not the association is incorporated under ORS chapter 65."

Defendants, as we understand it, contend that those statutes, singly or in combination, operate to preclude the application of ORS 65.327(1) to directors of homeowners associations. Defendants assert that that is so for a variety of reasons. Defendants first invoke the directive of both ORS 65.959(2) and ORS 94.770(4) that, in the event of a "conflict" between the provisions of ORS chapter 65 and either the bylaws of a homeowners association or ORS 94.550 to 94.783, the latter "control." That contention, however, proceeds from

---

[8] Or Laws 2003, ch 569, § 19.

[9] Or Laws 2003, ch 569, § 12. The text of ORS 94.640(1) in 1991, as of the time bylaws Article III, section 5, was adopted, is set out below. *See* 249 Or App at 650.

a false first premise—*viz.*, that there is, in fact, a "conflict" between the judicial-removal provisions of ORS 65.327(1) and the intramural majority-removal provisions of ORS 94.640(6)(a) and Article III, section 5, of the bylaws. As noted, there is no conflict between those provisions, any more than there is a "conflict" between the concurrently enacted ORS 65.327(1) and ORS 65.324(1).[10] Rather, the two mechanisms of removal are complementary, with each being applicable in distinctly different circumstances.

Defendants' reliance on ORS 65.959(1) is similarly misplaced. That statute states that a provision of ORS chapter 65 that "*may* be avoided" (emphasis added) by a corporation in the corporation's bylaws "also may be avoided by a provision in," *inter alia*, the bylaws of a planned community. Again, defendants' argument proceeds from an erroneous premise—*viz.*, that a homeowners association, which has been incorporated as a nonprofit corporation, *can* "avoid" the application of ORS 65.327(1). However, as noted, ORS 65.327, by its terms, permits only one exception to its application: "The articles or bylaws of a religious corporation may limit or prohibit the application of this section." ORS 65.327(5). By necessary negative implication, no other type of nonprofit corporation can/"may" "avoid" ORS 65.327(1) by way of a bylaws provision. Defendants' invocation of ORS 65.959(1) is further unavailing for another, independently sufficient reason: Article III, section 5—which includes no reference to ORS 65.327(1), much less any purported "avoidance" of that statute—was adopted 12 years *before* ORS 65.959(1) was enacted. Given that timing and substance, any "avoidance" is nonexistent.

Finally, defendants point to ORS 94.640(1) and contend that the lack of reference to ORS 65.327 in the 2003-amended version of that provision, which inserted references to other provisions in ORS chapter 65, evinces legislative

---

[10] Or, for that matter, between ORS 60.324(1) and ORS 60.327(1), which, respectively, provide for the removal of a director of a private corporation either by way of the majority vote of shareholders "with or without cause" or by judicial action upon a showing that the director has engaged in improper conduct and that his or her removal is in the corporation's best interest.

intent that ORS 65.327 is inapposite to directors of homeowners associations. Defendants misapprehend the significance of the 2003 amendments. Before those amendments, ORS 94.640(1) (2001) provided:

> "The board of directors of an association may act on behalf of the association except as limited by the declaration and the bylaws. *In the performance of their duties, officers and members of the board of directors shall exercise the care required of fiduciaries.*"

(Emphasis added.) In 2003, the legislature deleted the emphasized language and, in its place, substituted the language that defendants invoke:

> "In the performance of their duties, officers and members of the board of directors are governed by this section and the applicable provisions of ORS 65.357, 65.361, 65.367, 65.369 and 65.377, whether or not the association is incorporated under ORS chapter 65."

ORS 94.640(1). ORS 65.357 prescribes general standards for directors of nonprofit corporations in discharging their duties; ORS 65.361 pertains to directors' conflicts of interest; ORS 65.367 cross-references the standards prescribed in ORS 65.357 in addressing a director's personal liability for unlawful distribution; ORS 65.369 addresses the standard of civil liability of "qualified directors"; and ORS 65.377 prescribes standards of conduct for corporate officers. Thus, in amending ORS 94.640(1) in 2003 to include specific references to various provisions of ORS chapter 65, the legislature merely replaced a generic reference to "shall exercise the care required of fiduciaries" with a more precise reference to statutorily prescribed standards of care and duties. Nothing in the amended statutory text, or its functional context, suggests any legislative intent to alter the applicability of ORS 65.327(1) to directors of homeowners associations.

In sum, the trial court erred in concluding that ORS 65.327(1) is inapposite to directors of homeowners associations incorporated as nonprofit corporations. Accordingly, the court erred in dismissing this action on that basis.

On appeal, reversed and remanded; cross-appeal dismissed as moot.