Argued and submitted January 11; on appeal, reversed and remanded, on cross-appeal, affirmed August 31, 2016, petition for review denied January 17, 2017
(360 Or 752)

Vernon GOODSELL;
Bruce Haphey; and
15840 Pilot Drive, LLC,
*Plaintiffs-Respondents*
*Cross-Appellants,*
*and*

John SCHIBEL,
*Plaintiff,*

*v.*

EAGLE-AIR ESTATES
HOMEOWNERS ASSOCIATION,
an Oregon non-profit corporation,
*Defendant,*
*and*

Michael MORGAN;
Charles Harp; and Ben Lindner,
as members of the board of directors of
Eagle-Air Estates Homeowners Association,
*Defendants-Appellants*
*Cross-Respondents.*

Deschutes County Circuit Court
10CV0207MA;
A156532 (Control), A156733

383 P3d 365

Roger J. DeHoog, Judge.

Michael W. Peterkin argued the cause for appellants-cross-respondents. With him on the briefs was Peterkin & Associates.

Margaret Fiorino argued the cause for respondents-cross-appellants. With her on the briefs were Matthew J. Kress and Law Office of Matthew Kress.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

### SHORR, J.

This appeal is the most recent episode in a "long-running serial litigation" involving the residents, developers, and homeowners' association of a 12-lot airpark subdivision in Sisters. *Goodsell v. Eagle-Air Estates Homeowners Assn.*, 249 Or App 639, 641, 278 P3d 133, *rev den*, 352 Or 665 (2012) (*Goodsell I*).[1] In *Goodsell I*, we reversed the trial court's dismissal of plaintiffs' complaint. On remand, plaintiffs voluntarily dismissed the case under ORCP 54 A(1). Defendants were subsequently awarded some, but not all, of their attorney fees.[2] On appeal, defendants argue that the trial court erred in concluding that they were not entitled to attorney fees for unsuccessful stages of litigation, notwithstanding that defendants were ultimately the prevailing party. Plaintiffs cross-appeal, arguing that defendants were not entitled to attorney fees under ORS 94.719 and ORS 94.780.

As explained below, we conclude that defendants, as the prevailing parties, were entitled to reasonable attorney fees for the entire case—including for unsuccessful stages of the litigation—and that the trial court erred in concluding otherwise. We further conclude, on the cross-appeal, that the trial court did not err in awarding attorney fees. Accordingly, we reverse and remand the judgment for reconsideration in light of this decision.

Because an extended discussion would not benefit the bench or bar, we recount only the facts bearing directly on this appeal:

"[P]laintiffs and the individually named defendants are all members of the defendant homeowners association and planned community subdivision, consisting of 12 lots. Plaintiff Goodsell was also a developer of the subdivision. * * * [A]t various times, both the individual plaintiffs and

---

[1] *See, e.g., Eagle-Air Estates Homeowners Assn., Inc. v. Haphey*, 272 Or App 651, 354 P3d 766 (2015); *Eagle-Air Estates Homeowners Assn. v. Harp*, 234 Or App 218, 227 P3d 1242 (2010); *Morgan v. Goodsell*, 220 Or App 329, 185 P3d 1117 (2008); *Morgan v. Goodsell*, 198 Or App 533, 109 P3d 803, *rev den*, 339 Or 406 (2005); *Morgan v. Goodsell*, 198 Or App 385, 108 P3d 612 (2005).

[2] The judgment was signed by then-Circuit Court Judge Roger DeHoog for Judge Stephen Forte, who decided the attorney fee issues following our remand in *Goodsell I*.

the individual defendants have served as members of the association's three-member board of directors. Even more to the point, the relationship between the individual plaintiffs and the individual defendants has been mutually antagonistic. For example, when the individual plaintiffs were serving as directors of the association, defendant Morgan asserted, in the course of litigating derivative claims, that those plaintiffs had abused their authority and discretion as directors, and Morgan unsuccessfully sought an order removing them as directors.

"The individual plaintiffs' terms as directors of the association expired in 2006, and the individual defendants succeeded those plaintiffs as directors. In March 2010, plaintiffs brought this action, alleging that the individual defendants had breached their fiduciary duties as directors in a variety of particulars, including engaging in impermissible self-dealing, and seeking their removal pursuant to ORS 65.327(1)."

*Goodsell I*, 249 Or App at 641-42.

Defendants moved to dismiss the complaint, which advanced a single claim for relief pursuant to ORS 65.327(1), under ORCP 21 A(8). The trial court granted the motion on the ground that the plaintiffs' invocation of ORS 65.327(1), the statute authorizing judicial removal of directors, "impermissibly conflicted with the association's bylaw provision pertaining to removal of directors," and with various other statutes. *Id.* at 641. Plaintiffs successfully appealed, and the case was reversed and remanded. *Id.* We declined to exercise our discretion under ORAP 13.10(3) to award attorney fees for the appeal, specifically noting that that determination "does not, of course, preclude any potential recovery of attorney fees reasonably incurred in connection with this appeal."

Following remand, plaintiffs, who had initially sought leave to file what would have been their third amended complaint, proceeded to voluntarily dismiss the action under ORCP 54 A(1). Defendants, as the prevailing parties, sought attorney fees pursuant to ORS 94.719 and ORS 94.780, which authorize attorney fees in certain lawsuits involving a homeowners' association. Defendants requested a total of $78,430.50 in attorney fees: $27,774

incurred in the original trial court proceedings; $36,038.50 incurred in the appeal; $12,058 incurred in the trial court proceedings post-remand; and $2,560 in estimated hearing and post-hearing supplemental fees. Plaintiffs objected, contending, among other things, that the statutes defendants invoked in seeking attorney fees were inapposite, and that defendants were not legally entitled to attorney fees incurred in the appeal because plaintiffs had prevailed in that stage of the litigation.

After written and oral arguments, the trial court awarded defendants $9,744.50 in attorney fees. Of that amount, $4,913 was awarded for fees incurred in the original trial court proceeding and $4,831.50 was for fees incurred in the trial court proceedings on remand. The judgment also provided that the trial court was "not awarding defendants attorney fees on appeal" and was awarding "only a portion" of the fees requested in connection with the trial proceedings. In addition, the trial court made written findings and conclusions explaining its ruling, which are discussed in greater detail in our analysis of defendants' challenge.

On appeal, defendants take issue with the trial court's conclusion that defendants were not entitled to attorney fees incurred in losing stages of the litigation, despite their status, ultimately, as the prevailing party, but do not challenge the reasonableness of the amount of attorney fees awarded. On cross-appeal, plaintiffs assert that the operative attorney fee statutes are entirely inapposite to this case, and, therefore, that defendants are not entitled to any attorney fees whatsoever. Both challenges present questions of statutory interpretation, which we analyze under the interpretive framework set out in *State v. Gaines*, 346 Or 160, 164-65, 206 P3d 1042 (2009), with the goal of construing the operative provisions in accordance with legislative intent. We first address the cross-appeal, which raises a threshold issue regarding defendants' entitlement to attorney fees in the first instance, before proceeding to defendant's arguments.

Plaintiffs argue that, because their claim was brought under ORS 65.327 (providing for judicial removal of directors), it does not qualify under either of the attorney fee

statutes claimed by defendants to authorize fees. In other words, plaintiffs claim that theirs was neither an action "to enforce compliance" with the provisions of ORS chapter 94 or the bylaws or other rules and regulations adopted by the association (as required by ORS 94.719), nor was it an action seeking to remedy a violation of ORS 94.550 to 94.785 (as required by ORS 94.780).

We review a trial court's conclusions concerning a party's entitlement to attorney fees for legal error. *Mountain High Homeowners Assn. v. Jewett*, 224 Or App 45, 49, 197 P3d 27 (2008), *rev den*, 346 Or 65 (2009). The prevailing party in a legal proceeding generally "is not entitled to an award of attorney fees unless the award is authorized by statute or a specific contractual provision." *Domingo v. Anderson*, 325 Or 385, 388, 938 P2d 206 (1997).

As noted above, the attorney fee award in this case was authorized on a statutory basis, under ORS 94.719 and ORS 94.780.

We begin with ORS 94.719, which provides:

> "In any suit or action brought by a homeowners association to foreclose its lien or to collect delinquent assessments or in any suit or action brought by the declarant, the association or any owner or class of owners to enforce compliance with the terms and provisions of ORS 94.550 to 94.783 or the declaration or bylaws, including all amendments and supplements thereto or any rules or regulations adopted by the association, the prevailing party shall be entitled to recover reasonable attorney fees therein and in any appeal therefrom."

(Emphasis added.)

Thus, ORS 94.719 establishes attorney fee entitlement for the prevailing party in several types of legal proceedings involving a homeowners' association. For purposes of this opinion, we focus on its authorization of attorney fees to the prevailing party in "any suit or action" brought by an "owner or class of owners" to enforce "the terms and provisions of ORS 94.550 to 94.783" or to enforce the association's bylaws, rules or regulations. It is undisputed that defendants are the prevailing party here, and neither party

contends that plaintiffs, who brought this action as members of the homeowners' association, are not "owners" for purposes of ORS 94.719.[3] The only issue raised is whether plaintiffs' action qualifies, by its nature, as one "brought to enforce the provisions of ORS chapter 94 or the bylaws or other rules and regulations adopted by the association to govern the planned community." *Morgan v. Goodsell*, 198 Or App 385, 390-91, 108 P3d 612 (2005).

We conclude that this action qualifies. Plaintiffs' complaint was predicated almost entirely on multiple alleged violations of ORS chapter 94 and the association's rules, and it sought a form of injunctive relief as a remedy for those alleged violations.[4] Therefore, this action was brought to enforce the operative statutory provisions and rules. *See Mountain High Homeowners Assn.*, 224 Or App at 50 (holding that an action was subject to ORS 94.719 as one "brought by an association to enforce compliance with the terms and provisions of ORS 94.590" because it alleged violations of ORS 94.590 and sought declaratory relief); *Morgan*, 198 Or App at 391 (holding that the prevailing party was entitled to attorney fees under ORS 94.719 for claims brought against the homeowners' association by individual owners; those claims—which were based on the association's "alleged failure to comply with the provisions of ORS chapter 94 and [the association's] bylaws and regulations" and requested injunctive relief—thereby "sought to enforce" the relevant provisions).

The fact that the particular form of relief sought— judicial removal of defendants from the association's board— is a unique, statutorily-authorized remedy does not materially alter our analysis; judicial removal was simply the

---

[3] ORS 94.550(17) provides:

"'Owner' means the owner of any lot in a planned community, unless otherwise specified, but does not include a person holding only a security interest in a lot."

[4] Among other things, the complaint alleged that the individually named defendants "consistently take action affecting the interests of [Eagle Air Estate] members at meetings held without notice to and participation of members in violation of ORS 94.640(8)"; failed to provide proper notice of budget changes as required by ORS 94.650(5); violated ORS 94.595 by allocating funds to pay attorney fees; and violated their fiduciary duties under ORS 94.640(1) and under the association's "governing documents" on numerous occasions.

means by which the plaintiffs sought to ensure compliance with the numerous duties and obligations that defendants were alleged to have repeatedly and continually violated. *See Goodsell I*, 249 Or App at 647 (noting that ORS 65.327 is a "particularized mechanism for judicial removal of a director predicated upon prescribed proof of improper conduct").

We therefore conclude that, because the action was brought to enforce compliance with various statutes and rules incorporated within ORS 94.719, the trial court did not err in concluding that defendants were entitled to attorney fees under that statute. Because that is sufficient to affirm that aspect of the trial court's entitlement determination, we need not consider whether ORS 94.780 also authorizes an award of attorney fees under these circumstances. *See, e.g., Mountain High Homeowners Assn.*, 224 Or App at 50 (declining to consider whether ORS 94.780 also authorized attorney fees because attorney fees were authorized under ORS 94.719).

Having rejected the cross-appeal, we turn to defendants' appeal, which presents the question of whether the trial court erred in concluding that defendants were only entitled to attorney fees for the stages of litigation in which they prevailed.

In particular, defendants argue that the trial court committed legal error in concluding that defendants, who lost the appeal in *Goodsell I* but became the prevailing party on remand after plaintiffs voluntarily dismissed their complaint, were not entitled to attorney fees incurred in the appeal. Defendants maintain that, because the operative attorney fee statutes are compulsory—establishing the prevailing party's entitlement to reasonable attorney fees, and granting the trial court discretion only with respect to the amount of the fee award—they are legally entitled to "reasonable fees for all stages of litigation," including losing stages. Defendants cite numerous state and federal authorities involving compulsory attorney fee statutes in support of that proposition.

In response, plaintiffs contend that the trial court was merely exercising its discretion by refusing to grant

defendants attorney fees for the appeal, and did not deny those fees based on a legal conclusion, an assertion which, if correct, would require us to review that ruling for an abuse of discretion, rather than for legal error. Alternatively, plaintiffs contend that defendants were not entitled to their appellate attorney fees as a matter of law. Plaintiffs argue, among other things, that, defendants are not entitled to attorney fees because they became the prevailing party as a result of plaintiffs' voluntary dismissal, rather than by prevailing "based on the merits of their positions."

We therefore begin by assessing whether the trial court's ruling denying defendants attorney fees for the appeal was a legal conclusion concerning defendants' *entitlement* to attorney fees, as argued by defendants, or whether it constituted an exercise of discretion as to the *reasonable amount* of attorney fees, as plaintiffs contend.

In explaining that ruling, the trial court began by noting the parties' litigious history and that, despite the court's repeated efforts to encourage them to settle, they "continue to prefer litigation to negotiation." In addition, the court summarized the procedural background of the present case and held that defendants became the prevailing party upon plaintiffs' voluntary dismissal. The trial court then explained its legal conclusions pertaining to defendants' attorney fee entitlement as follows:

> "This court finds Defendants' argument regarding recovery for all attorney fees incurred by Defendants unpersuasive. Plaintiff[s], even after incurring substantial expense in litigating an appeal, heeded the advice of the trial court and chose to dismiss this action. Defendants have incurred expenses related to the defense of the original litigation; however, their theory of the case was incorrect. Plaintiff[s] [were] entitled to their day in court, however, rather than expend greater sums of money litigating this case, they dismissed. The reasonable amount of attorney fees is at the discretion of the trial court. While the amount of the attorney fees incurred on appeal is not necessarily unreasonable, this court finds it patently unreasonable to reward Defendants for losing an appeal by granting recovery of their appellate attorney fees when

Plaintiff[s] followed the direction of this trial court to end the litigation. Had Plaintiff[s] proceeded through litigation and failed, Defendant[s] would be entitled to their attorney fees including those on appeal. Here, however, Plaintiff[s] dismissed this action, ending the litigation. Defendants are entitled to their reasonable attorney fees incurred for the portions of the litigation for which they were successful. Allowing [a] [d]efendant to recover attorney fees for a lost appeal would result in significantly more litigation as there would be no incentive for a [p]laintiff to voluntarily dismiss the complaint short of trial.

"Under the facts of this case, this Court finds Defendants' argument to be one of first impression, and this Court believes in the interest of judicial economy, the Court cannot award Defendants their appellate attorney fees."

That explanation reflects that the trial court denied defendants' appellate attorney fees as a matter of law. Despite verbiage that would normally indicate an inherently factual—*viz.*, discretionary—"reasonableness-of-the-award" finding, the trial court actually denied defendants all attorney fees whatsoever for an entire stage of litigation because it concluded that defendants were not "entitled" to them because the action ended by voluntary dismissal. By contrast, the trial court noted that "[d]efendants are entitled to their reasonable attorney fees incurred for the portions of the litigation for which they were successful." Furthermore, the trial court rejected all fees on appeal notwithstanding its concomitant determination that the "amount of the attorney fees incurred on appeal is not necessarily unreasonable," which indicates that in rejecting fees it did not purport to exercise its discretion as to the reasonableness of the attorney fees incurred by defendants on appeal. Rather, that language indicates that the trial court was determining a legal issue, *viz.*, a matter of "first impression," whether defendants had a right to fees at all following plaintiffs' voluntary dismissal of their case. Thus, we review that ruling for legal error. *See Cascade Corp. v. American Home Assurance Co.*, 206 Or App 1, 14, 135 P3d 450 (2006), *rev dismissed*, 342 Or 645 (2007) ("[W]hen the trial court bases its award on a legal conclusion, we review both the conclusion and the award for errors of law.").

To reiterate, ORS 94.719 provides that, in qualifying actions, such as this one, "the prevailing party shall be entitled to recover reasonable attorney fees therein and in any appeal therefrom." Thus, it is a compulsory fee statute (not a discretionary one), and, by its terms, it contemplates that there is a single prevailing party on each claim at the end of the litigation. In other words, the right to attorney fees as a prevailing party under ORS 94.719 is an either/or proposition. *See LeBrun v. Cal-Am Properties, Inc.*, 197 Or App 177, 186, 106 P3d 647, *rev den*, 338 Or 488 (2005) (observing, as a general rule, that "for purposes of attorney fees, there can be only one prevailing party under any statute").

Once it has been established that one side has prevailed by "receiv[ing] a favorable judgment * * * on the claim," ORS 20.077, the statutory limitation on that party's attorney fees is the reasonableness of the amount of the attorney fees. *See* ORS 20.075(4) (limiting attorney fee awards to a party's reasonable fees). More to the point, and apart from any issue of reasonableness, ORS 94.719 specifically establishes entitlement to attorney fees in the predicate trial court proceedings, as well as—critically here—in "any appeal" flowing from the action, an express and uncircumscribed textual authorization of appellate attorney fees. It therefore follows that once the prevailing party determination is made, a prevailing party is legally entitled to reasonable attorney fees for *all* stages of the litigation, including for a prior losing effort on an appeal, which preceded the claim ultimately being resolved in its favor, and regardless of the manner in which it was dispositively resolved. Of course, the trial court may exercise its discretion to determine an amount of reasonable fees to award a prevailing party during a particular stage of the litigation in light of the many factors set forth in ORS 20.075(1) and (2), which include an inquiry into the "objective reasonableness" of the prevailing party during the proceedings. ORS 20.075(1)(e). We merely hold that it is legal error to deny fees as matter of law to a prevailing party on the basis that the fees sought were incurred during a losing stage of litigation, even where, as here, the losing party voluntarily dismissed its case.

Furthermore, although our analysis focuses on ORS 94.719, we observe that the categorical entitlement construct that inheres in that statute is consistent with the approach in cases involving other compulsory attorney fee schemes. For example, in *Bennett v. Baugh*, 164 Or App 243, 247-48, 990 P2d 917 (1999), *rev den*, 330 Or 252 (2000), we concluded that the prevailing party had a right to attorney fees for work performed in connection with affirmative defenses that were "abandoned before trial or were unsuccessful," based on the general principle that "[a]s a matter of entitlement, and apart from any issues of reasonableness, the prevailing party in a contract action has a right to recoup fees for work performed in connection with the action." *See also Cascade Corp.*, 206 Or App at 14-15 (holding that the trial court erred in reducing an attorney fee award based, in part, on its incorrect conclusion that a party is not entitled to attorney fees for work done before the action was commenced: "The statute places no limitation on when the attorney performs the services; the only issue is whether they were part of the work that led to the insured's obtaining the judgment."); *Fadel v. El-Tobgy*, 245 Or App 696, 709, 264 P3d 150 (2011), *rev den*, 351 Or 675 (2012) (holding that the plaintiff was entitled to attorney fees for work on a dismissed complaint that was closely related to the case that the plaintiff ultimately prevailed upon; "[w]hat matters is whether the work * * * was 'reasonably incurred to achieve the success' that the plaintiff eventually enjoyed in the litigation that followed" (quoting *Freedland v. Trebes*, 162 Or App 374, 378, 986 P2d 630 (1999))). *See also Cabrales v. Cty. of Los Angeles*, 935 F2d 1050, 1053 (9th Cir 1991) ("[A] plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage.").

In this case, defendants are the prevailing party for purposes of ORS 94.719 because plaintiffs' action against them was dismissed, and because nothing in these circumstances supports a finding to the contrary. *See* ORCP 54 A(3) ("When an action is dismissed under this section, the judgment may include any costs and disbursements, including attorney fees, provided by contract, statute, or rule. Unless the circumstances indicate otherwise, the dismissed party

shall be considered the prevailing party."); *King v. Neverstill Enterprises, LLC*, 240 Or App 727, 737, 248 P3d 30 (2011) (noting that ORCP 54 A evinces a legislative intention that the dismissed party following a voluntary dismissal is generally considered to be the prevailing party). Nothing about the procedural history of this case suggests that defendants' efforts on the appeal were unnecessary for purposes of the entitlement determination. Indeed, defendants were merely defending a favorable trial court ruling that dismissed plaintiffs' case. In denying defendants their fees for losing that appeal, the trial court did not make any findings regarding the lack of objective reasonableness of defendants' positions, which, after all, sought to affirm the trial court's ruling, or the conduct or diligence of defendants' counsel during those proceedings. *See* ORS 20.075(1)(e) (citing the objective reasonableness of the parties and the diligence of counsel during the proceedings as a factor in awarding attorney fees).

That plaintiffs chose, after years of affirmative litigation, to voluntarily dismiss their action before it could be resolved on its merits is relevant to the entitlement determination only insofar as it establishes defendants' prevailing party status and their accompanying right to seek reasonable attorney fees for both the trial and appellate proceedings. In sum, the voluntary dismissal does not, at least as a matter of law, negate or reduce plaintiffs' exposure to attorney fees. *See* ORCP 54 A(3) (in most circumstances voluntary dismissal establishes the opposing party as the prevailing party for attorney fee purposes).

The dissent construes the trial court's opinion, and its resolution of an issue of "first impression," as part of a proper exercise of the trial court's discretion. 280 Or App at 608 (Armstrong, J., dissenting). We and the dissent agree that a court, applying the factors of ORS 20.075(1) and (2), *could* exercise its discretion to limit—or perhaps even deny—fees for a particular stage of litigation depending on the conduct of the parties and counsel and the other factors listed in ORS 20.075(1) and (2). We and the dissent merely respectfully disagree whether that is what occurred here based on the respective readings of the trial court's opinion.

Based on our reading of the attorney fee opinion, the trial court decided the issue as a matter of law and relied on two factors to deny defendants their attorney fees incurred in the prior appeal: the fact that (1) defendants' efforts on appeal resulted in a loss at that stage of the litigation and (2) that plaintiffs subsequently voluntarily dismissed their case (at the urging of the trial court). As to the first, we agree with the dissent that a "reasonable attorney fee will include time devoted to unavailing legal efforts in a case * * * *if the efforts were otherwise reasonable.*" 280 Or App at 608 (Armstrong, J., dissenting) (emphasis added). Here, however, there is nothing in the trial court's opinion that indicates defendants' efforts on appeal were unreasonable.

As to the second factor, that plaintiffs subsequently dismissed their case, even at the trial court's urging, typically goes to confirm that a defendant is *entitled* to attorney fees as the prevailing party in the first instance unless the trial court, through ORCP 54 A(3), concludes otherwise. *See King*, 240 Or App at 736 n 5; *see also* 280 Or App at 609-10 (Armstrong, J., dissenting) (further discussing ORCP 54 A(3) and supporting cases). While that might also be a basis for a trial court to exercise discretion to limit or even deny a defendant an award of attorney fees, we do not read the trial court's opinion as an exercise of its discretion tied to a factor for awarding or denying fees under ORS 20.075(1) or (2). The attorney fee opinion is further complicated by the trial court expressly tying the denial of defendants' attorney fees to defendants' losing effort on appeal.[5]

---

[5] Of course, any time a plaintiff files a claim for which there is a *mandatory* two-way (plaintiff or defendant) prevailing-party attorney fee provision, there is a risk that, once the case is filed, there may be an adverse fee decision if the plaintiff does not prevail in the litigation. Among other ways, a plaintiff who wishes to limit the risk of fees by voluntarily dismissing the case might seek to negotiate a stipulated dismissal of the case without fees to any party. Further, a plaintiff who cannot negotiate such a dismissal might later argue to the trial court that defendant was unreasonable in failing to negotiate in good faith such a dismissal either without fees or with limited fees. *See* ORS 20.075(1)(f) (stating as a factor for awarding fees the objective reasonableness of the parties in pursuing settlement). There is no indication in the record, or the trial court's opinion, that there was any attempted negotiation by the parties over these issues and, as noted, the trial court stated only two explicit reasons for denying the fees on appeal in this case.

In sum, as the prevailing party, defendants are entitled under ORS 94.719 to seek reasonable attorney fees for all stages of this litigation, including for the appeal in *Goodsell I*. The trial court erred in concluding that, as a matter of law, defendants could not recover attorney fees incurred during an intermediate stage of the litigation at which defendants lost. On remand, the trial court should exercise its discretion to determine defendants' reasonable attorney fees incurred in the appeal consistently with this opinion.

On appeal, reversed and remanded; on cross-appeal, affirmed.

**ARMSTRONG, P. J.,** dissenting.

The parties in this case have been engaged in a protracted course of litigation that has produced at least seven appeals to our court. In the last appeal in this case, we concluded that plaintiffs' claim under ORS 65.327(1) seeking to remove the directors of defendant Eagle-Air Estates Homeowners Association stated a claim for relief, and we reversed the trial court's contrary ruling and remanded the case for further proceedings. *Goodsell v. Eagle-Air Estates Homeowners Assn.*, 249 Or App 639, 650, 278 P3d 133, *rev den*, 352 Or 665 (2012) (*Goodsell I*).

On remand, the trial court encouraged plaintiffs to end the litigation, and plaintiffs took the court's advice and dismissed their action. Defendants responded by petitioning the court under ORCP 68 C for an award of attorney fees in the amount of $78,430.50, which, among other things, included $36,038.50 in fees that defendants had incurred in their losing appellate effort in *Goodsell I*. The trial court ultimately awarded defendants $9,744.50 in fees. In making its award, the court excluded the fees that defendants had incurred on appeal in *Goodsell I*. It characterized its decision to do that as an exercise of its discretion to award a reasonable fee, reasoning that plaintiffs' decision to take the court's advice to dismiss their case made it appropriate for the court to treat the award of fees differently from the award that it would have made had defendants prevailed after trial.

Defendants appeal the attorney fee award and principally challenge the trial court's decision to exclude from its fee award the fees that they had incurred for the time devoted to their unsuccessful defense in *Goodsell I* of the trial court's dismissal of plaintiffs' complaint. The majority agrees with defendants that the court erred in excluding those fees from its award. The majority recognizes that the trial court's opinion letter includes references to the court's exercise of its discretion in awarding a reasonable fee, but the majority nonetheless concludes that the trial court treated its exclusion of an award of defendants' appellate fees in *Goodsell I* as presenting a legal question—*viz.*, whether defendants were "entitled" to an award of those fees—and it concludes that the trial court erred in concluding that defendants were not entitled to an award of them. 280 Or App at 600-03.

The majority misconceives the trial court's ruling. The trial court's attorney fee decision presents a legal question, as the trial court itself recognized in its opinion letter, but it is not the question that the majority identifies. The question of first impression to which the trial court referred in its opinion letter is whether, in a case in the posture of this one, the trial court *had discretion* to exclude from its award of fees the appellate fees incurred by defendants in *Goodsell I*. I believe that the trial court had that discretion, and, hence, I would affirm the trial court's award.

The trial court acknowledged in its opinion letter that, had defendants prevailed after a trial of plaintiffs' claim under ORS 65.327(1), an award of reasonable attorney fees would include the time that defendants had devoted to the appeal in *Goodsell I*. That reflects the well-understood principle that a reasonable attorney fee will include time devoted to unavailing legal efforts in a case, such as filing an unsuccessful motion to dismiss a case, if the efforts were otherwise reasonable.

However, the trial court believed, as do I, that that principle can give way in a case such as this in which, after protracted and costly legal proceedings initiated by the parties on both sides of the current dispute, plaintiffs accepted the trial court's advice to dismiss their complaint and thereby

stop the collective bleeding. The trial court believed, as do I, that a fee award that did not take those circumstances into account and that, instead, made a fee award equivalent to the award that would be made had defendants prevailed after trial would penalize plaintiffs for accepting the court's advice and would discourage future litigants from acting on similar advice, to the detriment of litigants and the court system.

Moreover, although the trial court's opinion letter does not address the point, I believe that an exercise of discretion in the circumstances of this case can include a trial court's assessment of the strength of plaintiffs' claim. The appeal in *Goodsell I* had established that plaintiffs had alleged a legally viable claim. In light of the factual allegations in plaintiffs' complaint, the trial court conceivably could conclude that plaintiffs had a good likelihood of prevailing on their claim if they proceeded to trial. That conclusion properly could bear on the court's award of a reasonable fee and would support a decision not to make an award in this case that was equivalent to the award that the court would have made had defendants prevailed after trial.

In sum, I believe that the trial court correctly concluded that, inherent in its authority to award a reasonable attorney fee under a mandatory-fee statute in a case such as this, it could categorically exclude the time that defendants had devoted in *Goodsell I* to their unsuccessful defense on appeal of the trial court's dismissal of plaintiffs' complaint.[1]

I also believe that ORCP 54 A(3) provides further support for that conclusion. ORCP 54 A(3) provides that when, as in this case, a plaintiff acts under ORCP 54 A(1) to voluntarily dismiss the plaintiff's action,

"the judgment may include any costs and disbursements, including attorney fees, provided by contract, statute, or

---

[1] It bears emphasis that the time devoted by defendants to the *Goodsell I* appeal did not contribute in any way to the resolution of the case. In a typical case, time reasonably expended in defending an action in which a plaintiff obtains no relief can be understood to have contributed to the ultimate success of the defendant in the action. Here, however, plaintiffs dismissed their action at the court's behest—after we had confirmed on appeal the legal viability of plaintiffs' claim—which properly can bear on the assessment of the fees that defendants reasonably incurred to achieve the result that they did.

rule. Unless the circumstances indicate otherwise, the dismissed party shall be considered to be the prevailing party."

As we noted in *King v. Neverstill Enterprises, LLC,* 240 Or App 727, 736 n 5, 248 P3d 30 (2011), ORCP 54 A(3)

"recognizes that voluntary dismissals can occur for a variety of reasons, not all of which make it appropriate to treat a dismissed party as the prevailing party."

I believe that, under the circumstances of this case, in which plaintiffs accepted the trial court's advice to end the parties' protracted course of litigation by dismissing this action notwithstanding that *Goodsell I* had established the legal viability of plaintiffs' claim, the trial court had authority under ORCP 54 A(3) to enter a judgment that designated neither party as a prevailing party. Had it done that, then defendants would not be entitled to recover any attorney fees from plaintiffs in the case.[2] I believe that the court's authority under ORCP 54 A(3) to designate neither party as a prevailing party in this case adds support to the court's discretionary decision to award defendants the amount of attorney fees that it did, that is, to make the distinctions that it did among the categories of fees that defendants sought.

In sum, I believe that the trial court acted within its discretion in making the attorney fee award to defendants that it did. The majority errs in concluding otherwise.

---

[2] *But cf.* ORS 20.077 (prevailing party for purposes of attorney fee award is party who receives a favorable judgment); *Brennan v. La Tourelle Apartments,* 184 Or App 235, 243-45, 56 P3d 423 (2002) (defendant was prevailing party entitled to pursue an award of attorney fees under ORS 90.255 in action dismissed as moot).